O. W. BICKFORD v. L. A. CHAMPLIN.
No. 84.

1. CONTRACT—*Sale of Personal Property—no Writing or Payment Necessary.* A contract of sale made in this state, of personal property situated therein, is valid and binding upon the parties thereto, though such contract is not evidenced by any writing and no payment is made thereon by the purchaser.

2. FINDINGS—*Court Should Submit Them.* It is the duty of the court, when so requested by either party, to require the jury to make special findings of any material facts within the issues to be determined, and it is error for the court to refuse such request when made in proper time.

3. ———— *When Refusal is not Material Error.* When the court improperly denies a request for special findings of certain facts the ruling is not such substantial error as demands the reversal of the judgment, when the findings requested relate to facts which are admitted or are undisputed by the evidence, and when the only answers that could be returned thereto are consistent with the general verdict.

MEMORANDUM.—Error from Phillips district court; G. WEBB BERTRAM, judge. Action by L. A. Champlin

against O. W. Bickford to recover on a contract of sale of personal property. Judgment for plaintiff. Defendant brings the case to this court. Affirmed. The opinion herein, filed May 5, 1896, states the material facts.

G. W. Stinson, and R. Frank Stinson, for plaintiff in error.

G. A. Spaulding, for defendant in error.

The opinion of the court was delivered by

GARVER, J.: L. A. Champlin, plaintiff below, being the owner of one car-load of cattle and four car-loads of sheep which were in transit from Utah to Kansas City, entered into a contract with the defendant, Bickford, at Phillipsburg, this state, where the stock then was, for the sale of a half interest therein for the sum of $1,526.80, in addition to the freight from the place of shipment in Utah. As a part of the contract, it was agreed that the cattle and sheep should be forthwith shipped to Kansas City and sold on the joint account of said parties. This was done, the net proceeds thereof, over and above freight and yard charges, amounting to $2,605.05, which sum was received by Champlin. Bickford thereafter refused to pay the difference between his portion of the net proceeds of said stock and the price which he agreed to pay Champlin therefor, amounting to $224.27, and this action was brought to recover the same. On a trial by jury a verdict was returned, upon which a judgment was rendered for said sum, with interest, in favor of the plaintiff. Bickford prosecutes this proceeding in error, asking that this judgment be reversed.

The only matter controverted upon the trial seems to have been the making of the contract of purchase.

Bickford denied that he had purchased any interest in the stock, and so testified on the trial. On the the other hand, Champlin testified positively to the making of such contract, being corroborated therein by other witnesses. There was no dispute as to the amount realized upon the sale in Kansas City, or as to the amount of freight and yard charges. The jury having found in favor of the plaintiff upon the matter of the sale, it followed necessarily that he was entitled to recover the purchase-money, less the amount received by him from the proceeds of the sale in Kansas City. Counsel for plaintiff in error contend that the claimed contract was not valid and binding upon Bickford, even if made as testified to by Champlin, for the reasons that it was not evidenced by any writing, and that there was no payment made to bind the contract, nor any delivery made of the stock to the defendant. We know of no rule of law which requires a contract of this kind to be evidenced by a writing, or under which a part payment of the consideration must be made, to render the contract binding. Neither the statute of frauds adopted in this state, nor any rule of the common law which is applicable here, so requires. Neither is it essential that there should be an actual delivery or change of possession of the subject-matter of such a contract to make it obligatory upon the parties to it. In this case, moreover, the testimony shows such acts of control and ownership on the part of Bickford as would constitute a delivery of the interest purchased by him.

Complaint is also made because the court refused to submit to the jury certain special questions of fact. Some of the questions asked should have been submitted to the jury and answers required thereto. It is error for the court to deny either party to an action

the right to have special findings made by the jury as to any material facts within the issues which are tried. It is a right specially conferred by the statute, of which a party should not be deprived when its exercise is sought in proper time. Some of the findings requested were upon immaterial matters. These the court properly refused. Other findings requested were. upon matters which were either admitted, or undisputed by the evidence, and no substantial right of the defendant was affected by the ruling of the court thereon. Under the evidence, there is only one answer that could be made to each of the questions asked, and such answers would all be consistent with the general verdict which was returned by the jury. Facts which are admitted, or which are undisputed by the evidence, may properly be considered by the court, the same as if such facts had been specially found by the jury. The making of special findings under such circumstances is a technical statutory right, the denial of which affects no substantial right of the party entitled thereto. It is not the intention of the law that trials which are otherwise regular should be set at naught and judgments reversed for errors of this character. (*Swift v. Wyatt*, 2 Kan. App. 554.)

Objection is also made to the instructions of the court, but as no exceptions were taken to them upon the trial they are not now subject to review. We think, however, that the instructions laid down the rules of law with substantial correctness, and submitted the case to the jury within the issues made by the pleadings.

An examination of the record satisfies us that the case was fairly tried, without substantial error prej-

udicial to the rights of the plaintiff in error, and that the judgment should be affirmed.

All the Judges concurring.