JOHN R. KELLEY v. J. H. FORD AND WILLIAM KELLEY.

No. 682.* ( 61 Pac. 679.)

NEGLIGENCE—*Special Interrogatory —Refusal to Submit.* In an action to recover damages for personal injury occasioned by the defendants carelessly, negligently and improperly adjusting a planing-machine, in consequence of which the plaintiff's hand was

---

*Petition for order to certify denied by supreme court August 14, 1900.—REP.

injured, it is not error for the court to refuse to submit to the jury and require them to answer at the defendants' request the question: "If you find that the defendant was guilty of negligence in adjusting the machine, state specifically wherein he was so negligent."

Error from Wyandotte court of common pleas; W. G. HOLT, judge. Opinion filed June 15, 1900. Affirmed.

*Edwin S. McAnany*, and *Samuel Maher*, for plaintiff in error.

*Cowden & Snell*, and *Morse & Morse*, for defendant in error J. H. Ford.

The opinion of the court was delivered by

MAHAN, P. J.: This is an action by Ford against Kelley and Kelley to recover damages occasioned by the negligence of the defendants in operating a planing-machine in the factory of the Kelleys. The charge of negligence was that John R. Kelley carelessly, negligently and improperly adjusted said machine, by reason of which negligent act the plaintiff was injured. The answer was a general denial and a plea of contributory negligence. There was a trial by a jury and a judgment for the plaintiff against John R. Kelley only.

There are two assignments of error. The first is that the court refused to submit to the jury and require them to answer the following interrogatory: "If you find that the defendant was guilty of negligence in adjusting the machine, state specifically wherein he was so negligent."

The second assignment of error is that the court overruled the motion for a new trial, and under this assignment it is contended that the evidence is not sufficient to sustain the verdict and judgment.

While this question might have been submitted to the jury for their consideration, it was not error to refuse it ; nor would it have been error to have refused to require the jury to answer the question had they failed therein.   There was no issue raised upon the. pleadings nor upon the trial as to wherein John R. Kelley was negligent in adjusting the machine.   The question is more in the character of a cross-examination of the jury.   It was not necessary that the plaintiff show in the first instance, or at all, in what specific particular the machine was not properly adjusted. And, again, it was requiring the jury to state upon what evidence they determined a particular fact which was in issue.   This cannot be exacted of a jury through special findings ; nor can a jury be cross-examined by aid of special findings under the provisions of the code in relation thereto.   It is alleged, and the evidence disclosed the fact, that the planing-machine was adjusted by the use of wheels at the sides of the table on which the planing knives operated, so that the tables on which the lumber rested when being planed were raised and lowered to suit the requirements of the occasion.   Whether it was the raising of one table or the raising of another, or the lowering of one or the lowering of another, was immaterial.   The question was, Did the defendant improperly and negligently adjust the machine and not know he did it?   How he did it was not an issue, direct or collateral ; and it is only upon issues raised by the pleadings or upon the trial collaterally under the issues made by the pleadings that a party has a right to require special interrogatories put to the jury.   This position is illustrated and supported by the following decisions : *A. T. & S. F. Rld. Co. v. Lannigan,* 56 Kan. 109, 42 Pac. 343 ; *Mo. Pac. Rly. Co. v. Reynolds,* 31 id. 136, 1 Pac. 150 ;

*Mo. Pac. Rly. Co. v. Holley*, 30 id. 465, 1 Pac. 130; *National Bank v. Peck*, 8 id. 668; *City of Wyandotte v. White*, 13 id. 191; *Bickford v. Champlin*, 3 Kan. App. 681, 44 Pac. 901.

There is sufficient evidence to sustain the verdict, and the motion for a new trial was properly overruled.

The judgment is affirmed.