78  165
97  127

78  165
106  175

78  165
111   4

## MARTHA SEBERT v. THE CITY OF ALPENA.

*Municipal corporations—Highways—Construction of—Negligence.*

1. The statute making it the duty of cities to keep in reasonable repair all public streets open to public travel within their jurisdiction, and under their care and control, applies to defects in construction as well as to neglect to repair when the street is unsafe (*Carver v. Plank-road Co.*, 61 Mich. 590); and the safety required by the statute is secured to travelers as well by night

as by day, and the dangers surrounding them in the darkness of the night are conditions that should be taken into consideration by the authorities whose duty it is to construct and keep in repair the road-way.[1]

2. It is the road-way that the statute requires to be kept in a reasonably safe condition; and whether such way requires the use of the entire width of the street must depend entirely upon the necessities of travel in any given case, and of this the authorities of a township or city must take notice, at their peril.

Error to Alpena. (Kelley, J.) Argued November 7, 1889. Decided November 15, 1889.

Case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Depew & Rutherford* (*George H. Sleator*, of counsel), for appellant, contended:

1. No one can claim that the statute of 1887 required the defendant to keep the street cleared out and "in reasonable repair, and in a condition reasonably safe and fit for travel" over its entire width; citing *Keyes v. Marcellus*, 50 Mich. 439; *McArthur v. Saginaw*, 58 Id. 357; *Agnew v. Corunna*, 55 Id. 428.

*Turnbull v. Dafoe*, for plaintiff.

Sherwood, C. J. The plaintiff in this case brought her suit against the city of Alpena to recover for an injury received by being thrown from a wagon which collided with a stump standing so near the traveled part of Chisholm street in said city as to make traveling by it in the night-time dangerous, and which street it was the duty of the city to keep and maintain in a reasonably safe condition for traveling with vehicles at that time. She claims the city negligently failed to discharge such duty, and by reason thereof she was injured, and without any fault on her part. On the trial in the

---

[1] See *Malloy v. Township of Walker*, 77 Mich. 448.

circuit the plaintiff recovered a verdict of $500. The city brings error.

The record, as presented, shows that Chisholm street is one of the largely traveled thoroughfares in the city; that the plaintiff, on November 24, 1887, and about 10 o'clock in the evening, was passing over said street with a horse and buggy driven by a Mr. Wentworth. The night was dark and stormy; and, when they came to the place where the stump stood it was struck by the carriage with such force as to throw both plaintiff and Mr. Wentworth out upon the ground, she striking upon her head and shoulders, in such manner as to cause serious injury to her shoulder and arm, and from which she has not yet been able to recover. It is for this injury to her person that she now brings her action. The stump was a large one, about four feet high and two to three feet through, and had stood where it did for more than ten years immediately preceding the accident; and the principal question in the case was whether it stood so near the road in the highway as to make it dangerous to travel in the night-time, when it was dark.

It is contended by defendant's counsel that the stump was not such a defect as is contemplated by our statute[1] in requiring cities to keep streets in a reasonably safe condition for travel; that the existence of the stump in the highway where it stood, if a defect or obstruction at all, was one pertaining to the construction of the road, which was not covered by the statute. In this position, I think counsel for the defendant are incorrect. The statute applies to defects in construction as well as to neglect to repair when the road is unsafe; and such has been the previous ruling of this Court (*Carver v. Plank-road Co.*, 61 Mich. 590, 28 N. W. Rep. 721), and that the safety required by the statute is secured to travelers

---

[1] Laws of 1887, Act No. 264.

as well by night as by day, and the dangers surrounding the traveler in the darkness' of night are conditions that should be taken into consideration by the authorities whose duty it is to construct and keep in repair the road-way. It is the road-way that the statute requires to be kept in a reasonably safe condition; and whether such way requires the use of the entire width of the street must depend entirely upon the necessities of travel in any given case, and of this the authorities of a township or a city must take notice, at their peril.

There was some considerable conflict in the testimony of the witnesses as to the particular location of the stump, and the proximity of the road-way thereto. The question of its location and that of the way, and its dangerous condition, were submitted to the jury, under proper instructions from the court, and the jury found for the plaintiff; and I find nothing in the record requiring a different conclusion, and the judgment should be affirmed.

The other Justices concurred.