### SCHRADER v. CITY OF PORT HURON.

DEFECTIVE CROSS-WALK—UNCOVERED GUTTER—LIABILITY OF CITY.
   A cross-walk was constructed on a level with the curb, and to within 7 to 12 inches thereof, leaving a gutter from 5 to 7 inches deep, with abrupt, vertical sides, between the curb and the walk. Plank covers were provided for this gutter and for like openings throughout the city, of which there were a number; but these covers were frequently removed for the purpose of cleaning the gutters, and in some instances were not replaced. *Held*, in an action for personal injuries sustained by stepping into the open gutter while attempting to cross the street, that it was for the jury to determine whether the cross-walk was reasonably safe for travel.

Error to St. Clair; Eldredge, J., presiding. Submitted June 19, 1895. Decided July 2, 1895.

Case by Sylvesta Mudge Schrader against the city of Port Huron for personal injuries. From a judgment for plaintiff, defendant brings error. Affirmed.

*P. H. Phillips*, for appellant.

*Chadwick & McIlwain*, for appellee.

MCGRATH, C. J. Plaintiff, in attempting to cross a street, stepped into a gutter or space between the curb and the cross-walk, and fell, sustaining injuries, for which she had a verdict. The street was paved with wood. To form a cross-walk, the pavement had been ridged up between the center of the street and this gutter, so that the surface of the cross-walk at this point was on a level with the curb. A gutter was thus formed from 7 to 12 inches wide, and from 5 to 7 inches in depth, with abrupt, vertical sides. Covers consisting of 2-inch planks supported by iron straps had been provided. These gutters often became clogged, and the covers were frequently taken off so that they might be cleaned. The testimony tended to show that there were a number of these contrivances in the city; that the covers were on and off; that they would be taken off when the gutters became clogged, and, in some instances, would not be replaced. The superintendent of public works at the time of the injury testified that the intention was to have all these sluiceways covered; that "occasionally there would be one that would not be covered until we could get to it;" that as a general thing some were on, and some were not.

"I never heard of any action being taken for a change in the general plan of the city, by which it was decided to leave these sluiceways uncovered. It was not necessary to leave them open. The only need, where I would consider there was any excuse for them being left open, would be when they got clogged with ice and dirt, and that is the only time when I would consider it a necessity. This would be only a temporary necessity."

Defendant's sole contention is that these gutters are a part of the surface drainage system of the city; that the defect is in the plan, as distinguished from the mode of execution; and that under *City of Lansing* v. *Toolan*, 37 Mich. 152, and similar cases, the municipality is not liable. The statute has, however, in a number of cases since decided, been held to apply to flagrant defects in the method of construction, as well as to neglect in repair. *Malloy* v. *Township of Walker*, 77 Mich. 448, 462; *Carver* v. *Plank-Road Co.*, 61 Mich. 584; *Sebert* v. *City of Alpena*, 78 Mich. 165.

Under the circumstances of this case, taking into consideration the character of this sluiceway, its width and depth, and the fact that there were a number of such gutters on this very street, which were covered at times, and at other times were uncovered, it cannot be said, as a matter of law, that this cross-walk was reasonably safe for travel. The question was properly left to the jury. A vertical curb at the edge of the roadway, rendering a step down or up necessary, may be essential and entirely proper. But here was a sluiceway which the superintendent of public works says was 7 inches deep, with vertical sides, crossing the line of travel, the very plan of which contemplated that it should be covered; and, practically, the contention is that the covers were so frequently taken off by the employés of the city, to facilitate the cleaning of the gutters, and carelessly allowed to remain off, that such practice has the force and effect of legislative action.

The judgment is affirmed.

The other Justices concurred.