EDWARD F. SWIFT *et al.* v. W. A. WYATT.

No. 59.

PRACTICE, DISTRICT COURT—*Special Findings by Jury.* While, under the statutes of this state, it is the duty of the court, upon request of either party to an action, to submit to the jury particular questions of fact, yet a refusal so to do is not sufficient ground for the reversal of a judgment rendered therein, where it clearly appears that responsive answers to the particular questions thus sought to be submitted, no matter what such answers might have been, would be entirely consistent with the general verdict which was returned by the jury.

MEMORANDUM.—Error from Dickinson district court; M. B. NICHOLSON, judge. Action of replevin by Edward F. Swift and others, partners as Swift & Co., against W. A. Wyatt. Judgment for defendant. Plaintiffs bring the case to this court. Affirmed. Opinion herein, filed February 14, 1896, states the material facts.

*Stambaugh & Hurd*, for plaintiffs in error.

*John H. Mahan*, for defendant in error.

The opinion of the court was delivered by

CLARK, J.: This is an action of replevin brought by Swift & Co. to recover from W. A. Wyatt the pos-

session of a span of mules, and damages for their unlawful detention. The jury returned a verdict in favor of the defendant. A motion for a new trial, setting up the statutory grounds, was duly filed and overruled, to which the plaintiffs duly excepted. Judgment being rendered in favor of the defendant, the plaintiffs have brought the case to this court for review.

The error chiefly relied upon by the plaintiffs in error is the refusal of the court to direct the jury to find upon particular questions of fact, as requested by them. The plaintiffs requested the court to submit to the jury the following interrogatories, to be answered by them :

"1. Had the plaintiffs taken the mules from the possession of R. G. Dotey and transferred them to the possession of C. A. Stannard before Dotey sold the mules to the defendant?

"2. Had R. G. Dotey been discharged from the employ of the plaintiffs before he took the mules or sold them to the defendant?

"3. Did R. G. Dotey steal the mules in controversy in this case from the plaintiffs and sell them to the defendant?

"4. At the time of the commencement of this action, did the defendant have any right or title to the said mules, except as derived from his purchase from R. G. Dotey?"

The evidence disclosed by the record shows that on April 29, 1891, the defendant purchased the mules in controversy from one R. G. Dotey, who had, a short time prior thereto, been in the employ of plaintiffs, and authorized by them to sell certain personal property belonging to them, including this span of mules, and to deposit the proceeds thereof in the bank at Hope, in Dickinson county, to the credit of Mr. Higgins, a member of the firm of Swift & Co. ; that a no-

tice was published in a newspaper at Hope, only 1½ miles distant from plaintiffs' premises, in the issues of that paper of April 16 and 23, that Dotey had for sale, at the Hope sheep ranch, certain personal property, including a span of mules; that certain of the property of plaintiffs was sold by him and the proceeds thereof deposited in the bank as directed; that Mr. Higgins informed his banker, Mr. Richardson, of his arrangements with Dotey as above stated; that defendant saw the published notice referred to, and, on April 28, was informed by Mr. Richardson that the plaintiffs had a span of mules for sale at the ranch and that Mr. Dotey was authorized to sell them and deposit the proceeds of the sale in his bank; that Dotey had been discharged by the plaintiffs four days prior to the sale to the defendant, but of this fact neither the defendant nor Mr. Richardson had any knowledge or information until after the defendant had purchased and paid for the mules; that Dotey was subsequently charged with the larceny of the mules, convicted, and sentenced to a term in the state penitentiary. Under this evidence, the court in effect instructed the jury that defendant's title to the property in controversy rested solely upon his purchase from Dotey; and that if the jury should find that Dotey's employment as agent of the plaintiffs had in fact terminated prior to the sale to the defendant, and that he was no longer authorized to sell the property in controversy, the defendant acquired no title thereto, unless the jury should also find that the defendant purchased the property in good faith, believing that he was thereby obtaining a good title thereto, and that he was justified in such belief from the acts and conduct of the plaintiffs and all the circumstances surrounding the transaction; and that it

was therefore wholly immaterial as to whether or not the property had been taken from Dotey's possession or he had been discharged by the plaintiffs prior to the sale, or as to whether or not he had stolen the mules. The record shows that the defendant claimed no right or title to the property except such as he acquired by his purchase from Dotey, and the court so instructed the jury, and it is not apparent as to how the rights of the plaintiffs could, under the evidence and the instructions of the court, have been prejudiced by the refusal to direct the jury to answer the interrogatories submitted by the plaintiffs. While under the statutes of this state it is the duty of the court, upon request of either party to an action, to submit to the jury particular questions of fact; yet a refusal so to do is not sufficient ground for the reversal of a judgment rendered therein, where it clearly appears that responsive answers to the particular questions thus sought to be submitted, no matter what such answers might have been, would be entirely consistent with the general verdict which was returned by the jury.

As this is the only assignment of error upon which any argument was made or authorities cited by counsel, no others will be considered.

The judgment will be affirmed.

All the Judges concurring.