THE CITY OF LAWRENCE v. JOHN DAVIS.

No. 475.

1. PRACTICE—*Refusal to Submit Special Questions.*   The refusal of the court to submit to the jury questions of fact whose answers could in no wise affect the general verdict, the rights of the parties or the result of the suit, is not error.

2. CITIES—*Personal Injuries—Defective Sidewalk.*   Holes in a board sidewalk occasioned by pieces broken or decayed and removed therefrom, although but a few inches in depth, may be, in legal contemplation, such defects as to render the city liable for injuries resulting therefrom.

15—8 KAN. APP.

Error from Douglas district court; A. W. BENSON, judge.　Opinion filed December 15, 1898.　Affirmed.

*W. C. Spangler*, for plaintiff in error.

*Geo. J. Barker*, and *Louis C. Poehler*, for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J. : This is an action for personal injury occasioned by a defective sidewalk.　There was judgment for the plaintiff, and the defendant contends that the court erred in refusing to require the jury to answer these special questions of fact: 1. If you find for the plaintiff, state what sum you allow him for physical pain.　2. If you find for the plaintiff, state what sum you allow him for mental suffering. 3. If you find for the plaintiff, state what you allow him for actual damages.　These are all questions of fact respecting the elements of damage to be considered by the jury in making up the verdict, requested to be submitted by either party.　The court correctly told the jury in its charge that if they should find for the plaintiff, he would be entitled to recover for lost time, for physical pain suffered, and for diminished capacity to labor and earn a livelihood resulting directly from the injury, and that the amount of the verdict should be a fair and just compensation for the actual injury suffered.　Hence the third finding of fact requested was answered by the general verdict.

Wherein can the defendant have suffered prejudice in the consideration of the case, either by the jury or by the court, by reason of its not having the answer of the jury to the first and second questions of fact?　They

in law comprise but one. (*A. T. & S. F. Rld. Co. v. Dickerson*, 4 Kan. App. 356, 45 Pac. 975 ; *A. T. & S. F. Rld. Co. v. Lamoreux*, 5 Kan. App. 814, 49 Pac. 152.) Had the jury been requested by either party to separate the other various elements of damage comprised in the court's charge, by answers to appropriate questions propounded, then a refusal to require them to answer as to this element might have prejudiced the defendant.   Any answer that the jury could have made, standing alone, would not control or affect the general verdict or the rights of either party or the result of the suit.   In such case the refusal to submit the question is not reversible error. (*Kansas Pacific Rly. Co. v. Reynolds*, 8 Kan. 634 ; *City of Wyandotte v. Gibson, Adm'x*, 25 id. 236 ; *Kansas City v. Bradbury*, 45 id. 388, 25 Pac. 889 ; *Swift v. Wyatt*, 2 Kan. App. 554, 43 Pac. 984 ; *Bickford v. Champlin*, 3 id. 684, 44 Pac. 901.)

The next contention is that no such defect was shown to exist in the sidewalk as would make the city liable.   We cannot agree to this proposition. The walk was defective by reason of being out of repair.   It was unsafe as a walk because the boards comprising it were removed and broken, and the walk tilted to one side by surface-water washing away the support, so that the plaintiff's foot passed through the walk.   He was thrown on his back, his foot being fastened by the fall, and his back and foot were severely sprained, whereby he was rendered a cripple for the remainder of his life.   The cases cited by counsel in support of this contention are inapplicable to the facts here.

The third and final contention is that the court erred in admitting in evidence a conversation between a witness and the city clerk.   The court admitted it

for the purpose of showing the notoriety of the condition of the walk in controversy.    If it was not competent for that purpose, which we do not say, yet the special finding of the jury on that fact shows conclusively that the jury did not consider the evidence at all.    Without this evidence, on the facts as to the existence of the defect and the notice to the city thereof, the jury could arrive at no other result.

The judgment is affirmed.