M. M. PLATT v. CITY OF OTTUMWA, IOWA, Appellant.

**Personal injury:** DAMAGES: INSTRUCTIONS. While the jury in a personal injury action may allow such damages as it may see fit for physical pain and suffering, yet the expense of care, nursing and medical attendance is susceptible of definite proof; and an instruction which allows the jury to ignore the evidence in assessing damages on account of the same is erroneous, and the error is not cured by other instructions correctly directing them as to the assessment of such damages.

*Appeal from Wapello District Court.*— HON. ROBT. SLOAN, Judge.

MONDAY, NOVEMBER 18, 1907.

ACTION to recover damages for personal injuries resulting from a fall alleged to have been caused by a defective sidewalk.   Verdict and judgment for plaintiff, and defendant appeals.— *Reversed.*

*Gilmore & Moon* and *Tisdale & Heindel,* for appellant.

*Seneca Cornell* and *Jaques & Jaques,* for appellee.

McCLAIN, J.— Plaintiff asked damages for permanent injuries, pain and suffering, and the necessary expenses of nursing and medical attendance, suing in her own right and also as assignee of her husband.   Evidence was introduced tending to show the expense of assistance necessarily procured in carrying on the housework which she had been performing before the injury, the charges for medical attendance, and the husband's loss of wages while nursing the plaintiff.   There was evidence of plaintiff's loss of earnings in her occupation as a dressmaker.   In addition to these items of actual expense, there was testimony tending to show pain and suffering.

With reference to the amount of plaintiff's recovery, the court instructed the jury as follows: " If you find the plaintiff is entitled to recover damages of the defendant, then, without proof of any particular amount, you will inquire and determine the amount thereof, which will be such sum as will justly and fairly compensate her for the physical and mental pain and suffering which was caused by the injury, the loss of time and the value thereof, the expense of nursing and care reasonably incurred and caused thereby, the expense of medical care and attention caused thereby, and, if any permanent physical injury to her was caused thereby, then such sum as will fairly compensate her therefor." The ground of objection urged for appellant to this instruction is that it allows the jury in determining the value of time lost and the expense of nursing, care, and medical attention, to entirely disregard the evidence, and allow such amount as it sees fit. To this objection we think there is no satisfactory answer. So far as damages to be allowed for physical and mental pain and suffering are concerned, the jury might no doubt allow such sum as they should think reasonably compensatory without proof of any particular amount, for no witness would be comeptent to testify as to the exact money valuation; but with reference to the value of the time which plaintiff lost by reason of the injury, and the expense of nursing and medical attendance, there could be and was direct evidence, and this the jury should not have been allowed to disregard in fixing the amount of damages which was to be included in their verdict on account of such loss and expense. In *Baker v. Oughton,* 130 Iowa, 35, we held it to be error not to limit the jury as to their findings so far as they were based on items of expense to the particular amounts specified in plaintiff's petition, as the items of the account on which recovery was sought; and, by analogy, it must have been likewise error for the trial court in this case to so instruct the jury that they might, if they saw fit, include a larger amount for each of the items of loss and ex-

pense than was established by the evidence. The instruction cannot be construed as though the permission given to the jury to determine the amount of damage without proof of any particular amount was applicable only to compensation for physical and mental pain and suffering; nor can we say that, in view of the other instructions which properly directed the jury as to estimating the compensation for loss of time and expenses, the instruction above quoted was not prejudicial to the defendant. The instructions are in this respect in conflict, and it cannot be assumed that the jurors followed those which were correct and disregarded the one which was erroneous.

For the error in giving the instruction above quoted, the judgment is *reversed*.