Forster v. Kansas City.

MARIE FORSTER, Respondent, v. KANSAS CITY,
Appellant.

Kansas City Court of Appeals, January 16, 1911.

1. MUNICIPAL CORPORATIONS: Personal Injury: Sidewalks:
Instruction: Duty of City. In an action against a city for
injuries resulting from falling on a sidewalk, it is error to
instruct that it is the duty of the city to keep its walks in a
reasonably safe condition. Such instruction should be that the
duty is to make the effort that ordinary prudent persons would
make to keep the walks in a reasonably safe condition. But
such error is cured if followed by a proper qualification of the
city's duty.

2. ———: ———: ———: Pedestrians: Reasonable Care. A
pedestrian along one of the city's sidewalks, while he should
not be heedless, is not required to assume that he is treading
a dangerous and unsafe walk.

Appeal from Jackson Circuit Court.—*Hon. Herman
Brumback,* Judge.

AFFIRMED.

*John G. Park, James W. Garner, Ingraham D. Hook* and *A. F. Smith* for appellant.

(1) There was not sufficient proof of negligence to support a verdict; if there was plaintiff was herself negligent.   (2) The court erred in giving plaintiff's first instruction.   Said instruction erroneously imposed the absolute duty upon the city to keep said sidewalk reasonably safe.   Dunn v. Nicholson, 117 Mo. App. 374. Said instruction erroneously told the jury that the plaintiff could blindly rely on defendant's duty to keep said sidewalk safe. Coffey v. Carthage, 186 Mo. 573; Grout v. Central, etc., Co., 125 Mo. App. 552; Schaub v. Railroad, 133 Mo. App. 444; Diamond v. Kansas City, 120 Mo. App. 185. Said instruction permitted a recovery for defects not resulting from negligence.   (3) The court erred in refusing to give defendant's instructions properly submitting the issue of contributory negligence. (4) The court improperly submitted the issues as to plaintiff's injuries. A finding as to part of said claimed injuries was based on conjecture.   Byerly v. Consolidated, etc., Co., 130 Mo. App. 593; Smart v. Kansas City, 91 Mo. App. 586. The court refused to give instructions more fairly submitting those issues.   (5) The plaintiff offered certain evidence incompetent unless subsequently connected by other evidence, and failed to offer such other evidence.   Smith v. Sedalia, 182 Mo. 1.   (6) The court erroneously admitted evidence of subsequent repairs, and of conclusions as to insufficient light.

*Bird & Pope* for respondent.

ELLISON, J.—This action is for personal injury received by plaintiff in falling upon one of the sidewalks in the streets of Kansas City, which is charged to have been negligently kept in an unsafe and dangerous condition. The judgment in the trial court was for the plaintiff.

Since the verdict was for the plaintiff, we will assume the facts of the case to be as the evidence in her behalf tends to prove them. It appears that she was walking eastwardly, along Twelfth street, after dark, where it was being repaired. That cobble stones were piled three or four feet inside the curb separating the walk from the street proper, but leaving ample walking space of from four to five feet wide. The walk was constructed of granitoid blocks in hexagon shape, and many of these were broken so as to leave a somewhat uneven surface. That just east of the door of a restaurant there was a hole or depression in the walk from four to six inches in depth. She stepped into this depression and caught the toe of her shoe under one of the broken blocks, which caused her to fall violently, first striking her knees, and then full length.

Allowing credit to the evidence in her behalf, she received injuries of a painful and distressing character, so much so that there can be no reasonable objection made to the amount of the verdict.

We have gone over the evidence and find it was ample to justify the court in overruling defendant's demurrer thereto. It is only by leaving out of consideration much of what was testified to in her behalf that any ground can be found to support the insistence that a case was not made for the determination of the jury; and we pass to the instruction to which objection has been made. Number one, as claimed by defendant, does submit, in its first words, a degree of care of the city's streets, much higher than is justified by the law. Its wording, considering that part of it alone, put an absolute duty on defendant to keep its streets and walks reasonably safe; the word "absolute" was not used, but that is the effect of the words which are used; whereas the duty is to make a reasonable effort to keep them reasonably safe. [Howard v. New Madrid, 127 S. W. Rep. 630; Dunn v. Nicholson, 117 Mo. App. 374.] This is recognized as the law in Garard v. Coal Co., 207 Mo.

242; but in that case, the objectionable degree of care stated on the part of the coal company was followed by a specific statement of what the care should be, viz., a reasonable effort. So, in this instruction, we find that notwithstanding the general assertion in the first part that it was "the duty of defendant" to keep its streets in reasonable repair, it is afterwards stated that such duty consisted in an "exercise of reasonable diligence, that is, such care as an ordinary prudent person would exercise."

This instruction is further criticised in that it asserts that plaintiff had a right to presume the walk was in reasonably good condition when she knew it was not. But the testimony in her behalf was to the effect that she did not know it, and the instruction required her to be in the exercise of ordinary care.

Complaint is made of the refusal of defendant's instruction "B." It relates to a lack of care on plaintiff's part, that is to say, to her duty to use her senses in passing along the street to discover and avoid defects. In our opinion, the instruction imposed more caution and watchfulness on plaintiff than can reasonably be expected of the ordinary careful pedestrian. Such persons should not, of course, be heedless, but neither should it be required of them to consider that they are treading a dangerous and hazardous way when on the sidewalks of a city. [Heberling v. Warrensburg, 204 Mo. 604; DeCourcy v. Construction Co., 140 Mo. App. 169.] But whatever may be the justification of defendant's complaint, it is all cured by instruction No. 2, given in its behalf, which required to be found that plaintiff was not guilty of any negligence contributing to her fall even though defendant may have been negligent.

Nor do we discover any appreciable error in the rulings on evidence. It will not do to say, as does defendant, that there was no evidence connecting plaintiff's nervous condition and interal injuries with which

she is afflicted, with the fall on the walk. It would be an inexcusable invasion of the province of the jury to say that such matters should have been decided by the court, by refusing to submit them.

We note some other points of objection to the trial including that as to an arc light, and the general conclusion that there has not been a fair trial. We do not so consider the case, and believe that defendant's view of it, as intimated above in another connection, is the result of shutting out of view important evidence and legitimate inference in plantiff's behalf.

The judgment should be affirmed. All concur.