## City of Lexington v. Cooper.

(Decided April 24, 1912.)

### Appeal from Fayette Circuit Court.

Streets and Sidewalks—Injury to Pedestrian—Negligence—Peremptory Instruction—In an action by appellee for injuries sustained in falling on the street and injuring herself, held that the court erred in not granting the motion of the defendant for a peremptory instruction. The beveled place in the sidewalk where appellee slipped and fell was slight, and its existence did not indicate such negligence on the part of the city as to authorize a recovery.

J. EMBRY ALLEN for appellant.

JOHN H. FLOOD for appellee.

OPINION OF THE COURT BY JUDGE WINN—Reversing.

On the north side of West Third street, in Lexington, adjacent to its intersection with Broadway, in the sum-

mer of 1909, the sidewalk was newly laid of concrete. Between the sidewalk and the curbing was left a strip of ground, in which, along the property where the accident hereinafter described occurred, four trees were left growing, the customary shade-trees along sidewalks in residence sections of our cities. At the particular point where each tree stood, the concrete men, in laying the sidewalks, left in the edge of the concrete a semi-circular niche around that side of the trees. The niche was merely a bending in around the tree of that portion of the sidewalk's outer edge which abutted the strip of ground, or grassy strip, above named. Later, perhaps in September of that year, the tree nearest to Broadway fell. The property owner had it taken out, and the place where it stood filled with dirt and pounded down. She likewise had it grassed over, and kept the grass cut. The surface of the ground seems to have been about two and one-fourth inches below the surface of the concrete, and the strip including the niche to have been matted over with grass. The edge of the concrete was beveled. Shortly after 9 o'clock in the morning of an August day in 1910, the plaintiff, walking with another lady on this concrete sidewalk toward Broadway, after passing the three standing trees and the niches adjacent to them, walked so near the outer edge of the sidewalk as that one of her feet stepped upon the bevelled edge of this niche. She was thrown or fell. Her leg was broken, and she suffered other injuries. She had a surgeon's bill of $100 to pay, a hospital bill of two and one-half months amounting to $187, and some other expense. She brought her action against the city, and recovered a judgment of $1,000. This appeal is from that judgment. If she were entitled to recover at all, the amount recovered was inadequate to compensate her for the injuries and suffering disclosed by the record, but not detailed here.

Under the facts the trial court erred in not granting defendant's motion for a peremptory instruction. The city is not a guarantor of the safety of pedestrians upon her sidewalks. It is enough if the streets are kept in a reasonably safe condition for those exercising ordinary care for their own safety. Customarily, of course, the question of whether a sidewalk or street is in an ordinarily safe condition is for the jury; and yet it would be manifestly begging the question to say that, no matter

how slight the inequality of surface, or how immaterial the obstruction, the case should go to the jury. City of Covington v. Belser, 137 Ky., 125. In the case of City of Louisville v. Uebelhar, 142 Ky., 151, the action was to recover because of injuries sustained by stepping into the depression worn by wagon-wheels between the adjoining flat ends of crossing stones. The evidence of the plaintiff showed that the depression was four or five inches deep, while the evidence of the city showed that it was one or one and one-half inches deep. This court said that if it were only an inch and a half or two inches in depth, a smooth worn place in the stones, it would not be such a condition as to indicate negligence on the part of the city. The opinion further remarked the customary statement that the city had no duty beyond that of keeping its streets reasonably safe. It added that there must be some point short of perfection that is not actionable negligence; that such depressions of an inch or so are quite common in all cities, and that that which is so customary may be regarded as ordinarily safe and as the standard. In the case of Teager v. City of Flemingsburg, 109 Ky., 746, it was held that where the plan adopted by a city for its street improvement is such a one as the judgment of prudent men might approve, the city would not be liable because of an injury resulting from some part of the plan. In the case at bar the city, in the construction of its sidewalks and in the beautifying of its residential streets, was in the habit of leaving such niches, where trees were growing along the sidewalks. The photographs in evidence in the record show the existence of the grass strip between the sidewalk and the street, other trees standing in it, and these semicircular depressions in the edge of the concrete where the trees stood. To any fair mind it must seem plain that this manner of street construction is not negligent. It is true that the tree which had stood at the point of this niche had fallen down, but it is true as well that there was growing in the niche the brilliant green grass of a rainy summer, in sharp contrast to the whiteness of the walk in the summer sunlight. The plaintiff, as above remarked, had just passed three other such niches. Under the facts of this case it seems clear to us that the court should have sustained the defendant's motion for a peremptory instruction.

The judgment of the trial court is reversed.