[No. 11394. Department One. December 19, 1913.]

MARY E. LAUTENSCHLAGER et al., Appellants, v. THE CITY OF SEATTLE et al., Respondents.[1]

MUNICIPAL CORPORATIONS—STREETS — DEFECTIVE SIDEWALKS—NEG-LIGENCE OF CITY — CONTRIBUTORY NEGLIGENCE — EVIDENCE — QUESTION FOR JURY. The negligence of a city in maintaining a temporary sidewalk six inches lower than the cement walk with which it connected at a street intersection, is for the jury, where it appears that the temporary walk had been so maintained for several months, that the street lights were so placed as to cast a shadow upon the offset, and the street was not closed to travel, and no warnings were posted; since it was the duty of the city to close the street or take reasonable precautions where it undertakes to improve a street.

SAME—STREETS—DEFECTIVE SIDEWALKS—CONTRIBUTORY NEGLIGENCE —EVIDENCE—QUESTION FOR JURY. The contributory negligence of a pedestrian in falling at night at a street intersection, or in failing to take a safer way, is for the jury, where there was a drop of six inches from a cement sidewalk to a temporary board walk, where improvements were in progress, no warnings were posted, and the street lights were so placed as to throw a shadow obscuring the offset, and the walk on the other side of the street had obstructions and red lights hung out; since a traveler may use any street that is open for travel.

SAME—DEFECTS IN STREETS—LIABILITY OF CONTRACTOR—EVIDENCE —SUFFICIENCY. A street contractor doing the cement work in a street is not liable for an injury sustained by a pedestrian by reason of an offset of six inches in a temporary board sidewalk at a street intersection, where he had done no work in the sidewalk area and it did not appear who had constructed the board walk.

Appeal from a judgment of the superior court for King county, Smith, J., entered January 10, 1913, in favor of the defendants notwithstanding the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained in a fall upon a sidewalk. Reversed as to one defendant; affirmed as to the other.

Willett & Olson, for appellants.

James E. Bradford, Howard M. Findley, John W. Roberts, and Peters & Powell, for respondents.

[1]Reported in 137 Pac. 323.

Gose, J.—This is an action to recover for personal injuries sustained by the plaintiff in consequence of the alleged negligence of the defendants.

The facts, in brief, are these: On the evening of the 28th day of February, 1912, the plaintiff, in attempting to step from the cement walk to a temporary sidewalk at the southeast corner of Fifth avenue and Cherry street, fell and was injured. Her testimony shows that a two-plank walk had been laid on the east side of Fifth avenue, in the sidewalk area from Cherry street south one block to James street. One of her witnesses said that it extended south two blocks to Jefferson street. There was a cement sidewalk on the south side of Cherry street which extended east at least one block. There was an abrupt drop of about six inches from the cement walk to the planks.

The plaintiff lived on Fifth avenue some distance north of Cherry street. On the evening in question, she left her home with a view to attending church at Fifth avenue and Jefferson street. She traveled south along a planked roadway, about eighteen feet in width, in the center of the avenue, to the south side of Cherry street, thence east over a single plank connecting the roadway with the cement walk at the southeast corner of Fifth avenue and Cherry street. She then started south, falling at the offset at the connection between the cement walk and the two planks. She testified that she had theretofore continued south on the planked way in the center of the street; that she had seen the plank way on the east side of Fifth avenue, but that she did not know of the existence of the offset. Her testimony shows that the street light was so situated that it cast a shadow over the offset. Her testimony also tends to show that the two-plank walk had been in common use by the public for two or three months preceding the date of her injury.

At and for a considerable period of time before the plaintiff sustained her injury, the city was engaged in paving Fifth avenue from Madison street south to Jefferson street.

The avenues run approximately north and south. The streets run approximately east and west. At the time of the accident, a cement walk had been laid on the west side of Fifth avenue. There was a barrier at Madison and Jefferson streets on the east side of Fifth avenue, to prevent travel over the unpaved portion of the street, but there was no barrier, signal light, or other warning, over any part of the sidewalk area except as hereafter noticed. The record shows that there were tar cookers, a steam roller, and other paving equipment at or upon the southwest corner of Fifth avenue and Cherry street, upon which red lanterns were placed in the nighttime. The cement walk on the west side of Fifth avenue between Cherry and James streets had a further obstruction caused by a slide. Some of the witnesses say that the earth from this slide occupied only a small part of the sidewalk area, leaving an opening of sufficient width to accommodate travel. The charge of negligence is two-fold; (a) the offset without a light or barrier to indicate its presence; and (b) that the street lights were so located as to throw a shadow on the offset. The jury returned a verdict in favor of the plaintiff. All the parties to the action filed motions for a new trial, and each of the defendants filed a motion for a judgment *non obstante veredicto*. The plaintiff's motion for a new trial was denied. The motion of the defendants for a judgment *non obstante* was granted, and a judgment was entered in their favor. From this judgment the plaintiff appeals.

Both respondents contend that the appellant was guilty of contributory negligence which, as a matter of law, precludes a recovery in her behalf. The respondent McLellan also contends that there is no evidence tending to show any negligence on his part.

We think the court erred in entering a judgment *non obstante* in favor of the city. Whether the appellant was guilty of contributory negligence is a question of mixed law and fact. There is abundant evidence in the record which

justified the jury in finding that the public were traveling the two-plank way, where the appellant fell, with the knowledge and approval of the city. An offset of six inches at sidewalk connections is shown by the testimony to be unusual. Whether the offset was obscured in consequence of the location and strength of the street light, and whether the appellant was exercising reasonable care at the time she met her injury, were questions for the jury.

Interlocked with the latter question was another, viz., whether the walk on the opposite side of the street was a safer one, and whether a reasonably prudent person would have taken it rather than the one which the appellant chose to follow. These are but side lights to the principal question, i. e., Was the appellant exercising reasonable care in view of all the attending circumstances. The jury, upon competent testimony, resolved this question in her favor. Where the public use a street upon the invitation of the city, either express or clearly implied, the duty devolves upon the city to use reasonable care to keep it in a reasonably safe condition for travel. *Taake v. Seattle,* 16 Wash. 90, 47 Pac. 220; *Cady v. Seattle,* 42 Wash. 402, 85 Pac. 19. A traveler is not required to avoid a particular street because there is another and safer one that he may take. He has a right to travel upon any street which the city leaves open for travel. *Cady v. Seattle, supra.* Where a city undertakes to improve a street, it is required to use reasonable precautions to guard the public from injury, and in doing so may, if necessary, temporarily close the street to public travel. *Peterson v. Seattle,* 40 Wash. 33, 82 Pac. 140. It was incumbent upon the city to provide signals or warnings if the walk was in common use and dangerous, and it knew, or in the exercise of reasonable care ought to have known, its condition. *Sutton v. Snohomish,* 11 Wash. 24, 39 Pac. 273, 48 Am. St. 847. If the light was so placed as to throw a shadow over the offset, the questions of the negligence of the city and the contributory negligence of the appellant were for the jury.

*Stone v. Seattle*, 30 Wash. 65, 70 Pac. 249, 67 L. R. A. 253;
*Drake v. Seattle*, 30 Wash. 81, 70 Pac. 231, 94 Am. St. 844.

The respondents have cited *Hunter v. Montesano*, 60
Wash. 489, 111 Pac. 571, Ann. Cas. 1912 B. 955, and *Shan-
non v. Tacoma*, 41 Wash. 220, 83 Pac. 186. In the *Hunter*
case, the plaintiff was injured while crossing a street which
he knew to be dangerous and closed to travel, upon a dark,
rainy night. In the *Shannon* case, the rule was recognized
that in most cases it is a question of mixed law and fact
whether the injured party used care commensurate with the
conditions surrounding him.

This brings us to the second question, viz., Is there any
evidence tending to connect the respondent McLellan with
the negligence charged? We find none. He had a con-
tract with the city to do the concrete work. Other con-
tractors had graded the avenue, including the sidewalk area.
Preparatory to laying the sidewalks, the respondent was re-
quired to make a subsurface grade of about four inches.
He had neither touched nor taken control of the sidewalk
area where the appellant fell. He had worked at other
places. The jury, in response to an interrogatory, answered
that the evidence did not show who laid the plank walk where
the appellant fell.

The appellant has in this court expressly waived her claim
of error in the denial of her motion for a new trial.

The judgment is reversed as to the respondent the city
of Seattle, and affirmed as to the respondent McLellan.

CROW, C. J., ELLIS, MAIN, and CHADWICK, JJ., concur.