[No. 17748.    Department One.    May 11, 1923.]

CALISTA M. LEWIS, *Respondent*, v. THE CITY OF SPOKANE, *Appellant*.[1]

EVIDENCE (226)—WEIGHT AND CONCLUSIVENESS — PHOTOGRAPHS. Photographs are no more conclusive of a physical fact than the testimony of witnesses and will not ordinarily be considered conclusive when disputed by the testimony of witnesses.

MUNICIPAL CORPORATIONS (466) — SIDEWALKS — DEFECTS — NEGLIGENCE—QUESTION FOR JURY. The negligence of a city in maintaining a defective sidewalk is a question for the jury, where it appears that, on reaching an alley, there was a hole between the end of the sidewalk and the curb, four to six inches wide and two to two and a half inches in depth, extending the width of the sidewalk, in which a pedestrian, in the nighttime, caught her foot and was thrown.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered June 30, 1922, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained through a defective sidewalk. Affirmed.

*J. M. Geraghty* and *Alex M. Winston,* for appellant.

*W. H. Plummer* and *Paul H. Graves,* for respondent.

BRIDGES, J.—The only question in this appeal is whether a defect in a city sidewalk, because of which the respondent claims to have been injured, was such as made it the duty of the court to submit to the jury the question of the city's negligence.

[1]Reported in 215 Pac. 36.

Respondent's testimony tended to show that the hole which constituted the defect was about two and one-half inches deep. Appellant contends that its photographs conclusively prove that it was not more than one-half inch in depth, and that the photographic evidence must control.

We cannot accept this contention. Photographs are received in evidence for the same reason that maps, models and diagrams are received, and are no more conclusive of a physical fact than the testimony of witnesses, and will not ordinarily be considered as conclusive of certain existing facts when there is testimony of witnesses which disputes them. *Higgs v. Minneapolis, St. P. & S. S. M. R. Co.*, 16 N. D. 446, 114 N. W. 722, 15 L. R. A. (N. S.) 1162; *Stotelmeyer v. Chicago, M. & St. P. R. Co.*, 148 Iowa 278, 127 N. W. 205; *Steinke v. Oshkosh*, 159 Wis. 124, 149 N. W. 715; *Cunningham v. Fair Haven & W. R. Co.*, 72 Conn. 244, 43 Atl. 1047. There were two sets of photographs taken, one the day after the injury, the other about a month later. If our memory serve us correctly, it was stated in oral argument that the first photographs were taken with a view of showing the alley near which the accident happened, and not for the purpose, expressly, of showing the defect in the sidewalk. This was done because at that time the city understood the injury to have happened on the alley. In any event, it is impossible to tell from an examination of these photographs the depth, or approximate depth, of the hole. The second photographs were taken for the purpose of showing the depth of the defect, but there was testimony tending to show that, after the injury and before the taking of the second photographs, the hole was either partly or completely filled in with dirt and gravel, and therefore they cannot be of very much as-

sistance to us. In considering the question before us, we must assume that the defect was such as was described by the respondent's witnesses.

The respondent, a woman about fifty years of age, on the evening of December 22, 1920, was walking north on the east sidewalk of Washington street, in the city of Spokane. This street is an important one and much traveled by automobiles and pedestrians. Some sleet and rain were falling and the sidewalks were slippery. Between Fourth and Fifth avenues there is an alley, paved with brick. The sidewalk up to the alley had a little more than a five per cent grade, while the crossing at the alleyway had a grade of approximately fourteen per cent. The sidewalk was made of cement blocks and was of the usual width. The curb running along the east side of Washington street, and turning so as to separate the alley from the sidewalk, was about one inch higher than the sidewalk. The latter did not extend quite up to the curbing. In other words, there was a hole between the edge of the sidewalk and the curb, running from three and one-half inches to six inches in width, and extending, according to respondent's testimony, some two and one-half inches in depth below the level of the adjoining sidewalk, and about three and one-half inches in depth below the top of the curb. This hole extended along the curb for the full width of the sidewalk. The edges of the sidewalk were jagged and broken. "There was a hole in the end of the walk and I caught my foot against the curb," the respondent testifies, "and my other foot—I didn't know I was caught until I went to put out the left foot —it was the right I caught, and that held me and in getting up then I lost my balance. . ." This occured while it was dark or getting dark. One of her witnesses described the defect as follows:

"At the place of the accident there was a break in the sidewalk between the sidewalk and the curb. On the west side it was five or six inches wide and in the center three and one-half or four inches wide. It was jagged and hard to tell. It was at least from two to two and one-half inches deep from the sidewalk and this from the edge of the curb would make it another inch deeper."

Other of respondent's witnesses gave substantially the same description of the defect. We have, then, a hole between the end of the sidewalk and the curb at the alley, as long as the sidewalk is wide, and from four to six inches in width, and about two and one-half inches in depth. The question is, did the court err in allowing the jury to determine whether the city was guilty of negligence in permitting such a hole or defect in the sidewalk.

This exact situation has not previously been before this court. It is, of course, unnecessary to cite authorities in support of the proposition that, while a city must use all reasonable care in keeping its sidewalks reasonably safe for travel, it is not an insurer. A city is not liable for injuries that may occur from an insignificant defect. Probably a good test is whether reasonably cautious men, having a duty to observe and repair the sidewalks, would or would not consider a defect as one where pedestrians might be injured. Each case must rest upon its own facts and be determined accordingly.

In *Blackwell v. Seattle*, 97 Wash. 679, 167 Pac. 53, we held that it was negligence for a city to place a water pipe, an inch or more in diameter, across a sidewalk, without in any way protecting it at night.

In *Lautenschlager v. Seattle*, 77 Wash. 12, 137 Pac. 323, we held that it was for the jury to determine whether the city was negligent in maintaining a side-

walk six inches lower than the cement walk with which it connected at a street intersection.

In *De Lor v. Symons*, 93 Wash. 231, 160 Pac. 424, we held that it was proper to submit to the jury the question of the negligence of a city in maintaining a trap door in a sidewalk which sagged down under the weight of the plaintiff so that his toe caught under the edge of one of the doors and he fell and was injured.

In the case of *Smith v. Seattle*, 33 Wash. 481, 74 Pac. 674, we made a similar ruling with reference to a trap door which projected several inches above the level of the walk.

While these cases are not controlling in their facts, yet they strongly indicate the trend of this court concerning the duties of municipalities in maintaining their sidewalks and streets.

The case of *Kelly v. Spokane*, 83 Wash. 55, 145 Pac. 57, is much closer in its facts to the case at bar. There the plaintiff stepped into a hole in a sidewalk, which hole was about ten inches by twelve inches in diameter, and of a depth between two and three inches, and we held the case was properly submitted to the jury.

In the case of *Stone v. Seattle*, 30 Wash. 65, 70 Pac. 249, 67 L. R. A. 253, we made a similar ruling in a case where the facts were reasonably close to those involved here.

Outside of this court, the authorities, on facts similar to those involved here, are in great discord. In the case of *City of Meridian v. Crook*, 109 Miss. 700, 69 South. 182, L. R. A. 1916A 482, it was held that a city was not liable for injuries to a pedestrian by a fall due to a missing brick and a consequent depression to the extent of its depth in one of its sidewalks.

In *Hamilton v. Buffalo*, 173 N. Y. 72, 65 N. E. 944, it was held that the city was not liable where one was

injured by reason of a rounded depression in a flag sidewalk about four inches deep, thirty-four inches long, and twelve inches wide.

In *Newton v. City of Worcester,* 174 Mass. 181, 54 N. E. 521, it was held that the city was not liable where one was injured on a brick sidewalk which had a depression varying from one and one-half to two inches in depth, there being no sharp corner and the surface of the depression being smooth.

Some additional cases having facts similar to those above mentioned and coming to the same conclusions are the following: *Beltz v. City of Yonkers,* 148 N. Y. 67, 42 N. E. 401; *Hirst v. City of Missouri Valley,* 193 Iowa 1225, 188 N. W. 783; *Johnson v. City of Ames,* 181 Iowa 65, 162 N. W. 858; *City of Lexington v. Cooper,* 148 Ky. 17, 145 S. W. 1127, 43 L. R. A. (N. S.) 1158.

On the contrary, there are many cases which hold municipalities to a greater degree of care than that indicated by the cases just cited. In *Platt v. City of Ottumwa,* 136 Iowa 221, 113 N. W. 831, it was held proper to submit to the jury whether the city was negligent in maintaining a depression in a brick sidewalk.

In *Marvin v. City of New Bedford,* 158 Mass. 464, 33 N. E. 605, a similar holding was made where the evidence showed that the flagging of the sidewalk had a hole from five to six inches in diameter, in which plaintiff caught her foot and fell.

In *City of Lawrence v. Davis,* 8 Kan. App. 225, 55 Pac. 492, it was held that holes in a board sidewalk, occasioned by broken or decayed pieces, although but a few inches in depth, may be such defects as should render the city liable for injuries received therefrom.

A few of the other cases making similar holdings are:

*Redford v. City of Woburn*, 176 Mass. 520, 57 N. E. 1008; *Forster v. Kansas City*, 153 Mo. App. 504, 133 S. W. 662; *Winship v. City of Boston*, 201 Mass. 273, 87 N. E. 600.

It would serve no useful purpose to further review the cases. They may be found in extensive notes to *City of Meridian v. Crook, supra; City of Lexington v. Cooper, supra;* and *Elam v. City of Mt. Sterling*, 132 Ky. 657, 117 S. W. 250, 20 L. R. A. (N. S.) 513.

But, as is usual, the facts here are slightly different from the facts in any of the cases cited or which we have read.

Sidewalks are not, and municipalities are not required to have them, perfect. A reasonably prudent person would not expect that a pedestrian might be injured by stepping into a shallow depression which by gradual decline reaches its depth. Many such places exist in all sidewalks and no person thinks of them as being dangerous defects. So, also, a hole in a sidewalk may be so small and innocent in appearance as that no one would think it possible for a pedestrian to step into it and be injured. Many such small defects exist in all sidewalks, yet no person thinks they are such as should be repaired. On the contrary, municipalities cannot, as a matter of law, be relieved of liability where a defect is such as that reasonably prudent men would anticipate might cause injury to some pedestrian.

It must be remembered that we are dealing with a hole in a sidewalk, and not with a depression therein. To our mind, there is a wide distinction. The testimony here shows that the respondent actually stepped into the hole here shown and got her foot caught in such a way as to throw her to the ground. It seems clear to us that one could not say that all reasonable minds must agree that the city officials, exercising

reasonable care and prudence, would not have considered this defect one where a pedestrian might be injured. The width of the hole, its depth, the ragged edge of the sidewalk, and the proximity of the curbing, all tended to form a trap into which one might fall and be injured.

It is our conclusion that the trial court properly submitted the case to the jury. Judgment affirmed.

MAIN, C. J., HOLCOMB, and MITCHELL, JJ., concur.