[No. 24254. Department Two. February 2, 1933.]

V. P. EDMONDS *et al., Respondents,* v. PACIFIC FRUIT & PRODUCE COMPANY, *Appellant.*[1]

*Pearson & Potts,* for appellant.

*C. D. Cunningham* and *C. A. Studebaker,* for respondents.

TOLMAN, J.—This is a personal injury action, tried to a jury, which returned a verdict against the defendant. From a judgment on the verdict, the defendant has prosecuted this appeal.

Appellant owned, occupied and used in its business certain real property in the city of Centralia facing on Tower avenue. It used a driveway across the sidewalk

[1]Reported in 18 P. (2d) 507.

for the entrance to and exit from its building of its heavy trucks ladened with merchandise. It is alleged, the respondents' evidence tends to show, and the jury evidently found, that the continued and constant use, as indicated, resulted in the breaking up of the cement of the sidewalk crossing so as to cause a considerable depression in the sidewalk in which were a hole or holes as much as three or four inches in depth with broken jagged edges exposed; that, when it rained, this depression and these holes were more or less filled with muddy water and not readily discernible by a pedestrian using the sidewalk, especially in the night time. All of which conditions, it was testified, had existed for a considerable period of time before the accident, sufficient to indicate notice.

Respondent, a woman of mature age and weighing 185 pounds, passed along this sidewalk between eight and nine o'clock of a February evening, carrying a child three years old and a sack of groceries. She stepped into this depression, then filled with water, and stumbled and fell, causing the injuries of which she complains.

The first three assignments of error raise the question of the sufficiency of the evidence to take the case to the jury or to sustain the verdict.

Recognizing the rule that sidewalks are not required to be perfect, and that neither the municipality nor the property owner is an insurer, but on the contrary that the rule of reasonable care and prudence governs, still, after a study of the evidence, we are convinced that there was sufficient presented to take the case to the jury, and to sustain a verdict against the property owner under the rule which we have consistently followed. *Kelly v. Spokane*, 83 Wash. 55, 145 Pac. 57; *Lewis v. Spokane*, 124 Wash. 684, 215 Pac. 36; *Smith v. Tacoma*, 163 Wash. 626, 1 P. (2d) 870.

In the first instruction criticized, we see no error or anything sufficiently serious to invite discussion. In the second, there is an inadvertent use of the wrong word, which is perhaps unfortunate, but when the instruction is considered as a whole and read in connection with all of the other instructions given, we see nothing in the inadvertence which could have misled the jury.

■ The appellant took proper and sufficient exceptions to the giving of the following instruction:

"Members of the jury, it is alleged in the complaint that said sidewalk was not only broken up, but that there were depressions or holes left therein. Now, you are instructed that the exact extent of the breaking and the exact extent of the depressions, if any, is only material to the extent of showing whether or not that breaking of the sidewalk or the depressions existing therein, if any, were sufficient that they reasonably could and did cause the plaintiff, Virginia M. Edmonds, to fall. The general public has the right to have the sidewalk along its streets maintained with a reasonably safe surface, and if that surface is interfered with by third parties, such as the defendant here, even though to a slight extent, yet, under such circumstances, such third party would be responsible for such injuries as are caused by reason of the interference with the surface, if such interference therewith actually does cause a pedestrian, while using ordinary care, to fall."

There seems to be no escape from the conclusion that the quoted instruction is erroneous in this:

". . . if that surface is interfered with by third parties, such as the defendant here, even though to a slight extent, yet, under such circumstances, such third party would be responsible," etc.

This direct and positive statement, even though the correct rule was given in other instructions, would seem to justify the jury in finding against the appel-

lant, even though they believed the evidence offered by it to the effect that the depression in the sidewalk was but slight, and that there were no holes or broken and jagged edges, and that, in fact, the sidewalk was in a reasonably safe condition.

The duty of the property owner so using the sidewalk for his own purposes is to use reasonable care and to maintain the walk in a reasonably safe condition for its usual and customary usage by pedestrians, and no more.

Other instructions are criticized, perhaps to some extent justly, but the exceptions taken thereto are insufficient to warrant their review upon the points now suggested. Such instructions can readily be recast to eliminate obvious defects before use upon a retrial of the case.

It is also urged that the verdict is excessive. In view of the necessity of a retrial, that question need not now be discussed.

Because of error in instructing the jury, the judgment is reversed, and the cause remanded for a new trial.

BEALS, C. J., STEINERT, BLAKE, and MAIN, JJ., concur.