Collins vs. The City of Janesville.

COLLINS, by guardian *ad litem*, Respondent, vs. THE CITY OF JANESVILLE, Appellant.

*September 8 — September 25, 1900.*

*Municipal corporations: Personal injuries: Evidence: Cross-examination: Defect in sidewalk: Notice: Knowledge of existence: Degree of care: Instructions to jury: Ordinary care: Proximate cause: Excessive damages.*

1. In an action for personal injuries alleged to be permanent, sustained by reason of a defective sidewalk, where the plaintiff's physician testified the injury might be serious, it is error to sustain an objection to a question put him on cross-examination, as to whether he regarded the injury as permanent.

Collins vs. The City of Janesville.

2. Under ch. 85, Laws of 1893 (providing that the notice to the munici-
pality of injury happening on a highway that is out of repair shall
not be deemed insufficient solely by reason of any inaccuracy or
failure in describing the place and the insufficiency or want of re-
pair), in the absence of any showing that the defendant was misled
in fact, or of an intention to mislead on the part of plaintiff, a no-
tice is sufficiently particular that describes the defect as consisting
of missing boards or planks from the sidewalk or footway on the
easterly side of C. street, in front of premises No. 203, owned by C.,
even though such premises were sixty feet in width.

3. Where plaintiff in such case admitted she knew of the defect in
the sidewalk into which she claims she fell, an instruction that a
person passing over a sidewalk known to be in a defective and
dangerous condition must use greater care and caution than if she
were ignorant thereof, should have been given upon request or its
substance incorporated in the general charge.

4. An instruction in the same connection that a traveler may indulge
in a presumption that the street on which he travels is not defect-
ive, while it may be correct in the abstract, is misleading, because
not applicable to one who knows of the existence of the defect in
question.

5. In an action for personal injuries sustained by a child thirteen years
of age, an instruction that ordinary care means such care "as the
great mass of ordinarily prudent children of her age and capacity
exercise under like circumstances," is erroneous, because it sub-
divides the class of ordinarily prudent children, and makes the
action of one division of the class the test of ordinary care.

6. An instruction, in substance, that the injury must be shown to be
the *direct* and natural result of the defect, is also erroneous; the
instruction should be to the effect that the injury must be the nat-
ural *and probable* result of the defect. In such an instruction the
word "direct" has no proper place.

7. Where an injury to a child thirteen years of age was a simple fract-
ure of the fibula, which reunited in the ordinary course and under
ordinary surgical treatment, and, in the opinion of a majority of
the medical experts, there had been a complete recovery; and it
appeared that the plaintiff walked with no limp ordinarily per-
ceptible, and only complained of some pain in rainy weather, a
verdict of $2,500, reduced by the trial court to $1,700, is excessive,
even as reduced.

APPEAL from a judgment of the circuit court for Dane
county: R. G. SIEBECKER, Circuit Judge. *Reversed.*

The cause was submitted for the appellant on the brief of *F. C. Burpee*, city attorney, and for the respondent on that of *J. J. Cunningham*.

. WINSLOW, J.   This is an action for personal injuries alleged to have been suffered by the plaintiff by reason of a fall upon a defective sidewalk on Cherry street in the defendant city, on the 5th day of June, 1895, resulting in a simple fracture of the fibula about an inch above the ankle joint.   The plaintiff was a minor, thirteen years of age, at the time of the accident, and the injury is claimed to be permanent.   The answer denies the alleged defect in the sidewalk, and alleges contributory negligence.   The case was here upon an appeal from a former judgment, and reversed for error.   *Collins v. Janesville*, 99 Wis. 464.  Another trial has been had, resulting in a verdict for the plaintiff for $2,500.   A new trial was granted by the circuit court unless the plaintiff remit $800 from the verdict.   The plaintiff made the remission, and judgment was entered for the plaintiff for $1,700 damages and costs, and the defendant appeals.

1. Dr. Pember, the physician who treated the injury, testified, upon direct examination, that the injury might be serious.   Upon cross-examination by the defendant's counsel, he was asked if he regarded the injury as permanent; and an objection to the question was sustained.   We regard this as error.   The plaintiff claimed a permanent injury, and the doctor's statement that it might be serious was, at best, indefinite, and might well be understood by the jury as indicating his opinion that it might or would be permanent, and it was certainly proper for the defendant to ascertain by direct questions whether that was the meaning of his previous answer.

2. The defect claimed to exist in the sidewalk was a hole caused by a broken board, part of which was missing.   The

statutory notice of the injury given by the plaintiff to the city described the defect as consisting of "missing boards or planks from the sidewalk or footway on the easterly side of Cherry street," in front of "the house and premises No. 203 Cherry street, owned by Wilber F. Carle." These premises are sixty feet in width, and objection was duly made to the reception of the notice in evidence because the notice did not fix the place of the accident with sufficient particularity. We think the objection was properly overruled. Ch. 85 of the Laws of 1893 provides, in substance, that no such notice shall be deemed insufficient solely by reason of "any inaccuracy or failure in describing the place and the insufficiency or want of repair," in the absence of any intention to mislead and of any misleading in fact. It does not appear in the case that the city was misled in fact, or that there was intention to mislead.

3. The plaintiff testified that she knew before the accident that the hole in the sidewalk into which she claims she fell was there, and that there were similar holes in close proximity in the same sidewalk. In view of this evidence, the defendant requested the following charge, which was refused: "The plaintiff admits that she knew that the sidewalk in question was in a defective condition, and had known it for some time previous. A person passing over a sidewalk known to be in a defective and dangerous condition must use greater care and caution than if she was ignorant thereof." Upon this subject the court charged as follows: "Persons walking over a sidewalk have a right to presume that it is in a reasonably safe condition for traveling, and a traveler is not called upon to look especially as to whether such walk is in a sufficiently safe condition, and properly built and maintained, or not, and so ordinary care on the part of a traveler is presumed upon this ground, and upon this ground a recovery is not defeated unless it appears that the traveler was guilty of some want of ordinary care at the

time of the accident which was a contributing cause to the accident. Likewise, if a person has seen the defect complained of before the time of the accident, and omits to notice it at the time of the accident, this, in itself, does not preclude a recovery, unless the jury finds such person to be guilty of a want of ordinary care in traveling over the walk at the time of the accident, and in view of her knowledge of the situation. The question is one to be submitted to the jury and determined upon the facts as you find them." We think that the instruction asked by the defendant should have been given as asked, or its substance incorporated in the general charge. A person who suffers injury by reason of a defect in a highway of which he has previous knowledge is not necessarily barred from a recovery on account of such knowledge, but the fact of such knowledge demands the exercise of greater care and caution in passing the defective place than if he had been ignorant of it. *Cairncross v. Pewaukee*, 86 Wis. 181. And while that part of the charge above quoted with regard to the presumption in which a traveler may indulge that the street on which he travels is not defective is correct in the abstract, it was undoubtedly misleading in the present case, because not applicable to one who knows of the existence of a defect.

In this connection, two minor defects should be noted in the charge, in view of the fact that the case must go back for a new trial: Ordinary care was defined as such care "as the great mass of ordinarily prudent children of her age and capacity exercise under like circumstances." This seems clearly incorrect, because it subdivides the class of ordinarily prudent children, and makes the action of one division of the class the test of ordinary care. The test is such care as would be exercised by ordinarily prudent and careful children, or the great mass of children of her age, under similar circumstances. Again, in enumerating the facts which the plaintiff must prove in order to recover, the court said that

The State ex rel. Att'y Gen. vs. Portage City Water Co.

the injury must be shown to be the *direct and* natural result of the defect.   The language is incorrect under very well-settled rules.   The question of proximate cause is perhaps not a very important one in the case, but, if anything is to be said upon the subject, the instruction should be to the effect that the injury must be the natural *and probable* result of the defect.   The word *direct* has no proper place here.

4.   We regard the damages as excessive, even as reduced by the trial court.   The evidence tending to show permanent injury is, at best, very doubtful.   The injury was a simple fracture of the fibula, which reunited in the ordinary course and under ordinary surgical treatment, and, in the opinion of a majority of the medical experts, there has been a complete recovery.   The plaintiff walks with no limp, or, at least, with one not ordinarily perceptible, and only complains of some pain in rainy weather.   We see nothing to justify so large a recovery.

We have found no other questions which demand treatment.

*By the Court.*— Judgment reversed, and action remanded for a new trial.