HOFFMAN, Respondent, vs. VILLAGE OF NORTH MILWAUKEE,
Appellant.

*May 12—May 29, 1903.*

*Municipal corporations: Personal injuries: Defective sidewalks:
Contributory negligence: Notice of injury: Sufficiency: Evi-
dence: Excessive damages.*

1. Plaintiff was injured by falling on a defective sidewalk.  She
   testified that she was walking carefully, and saw nothing wrong
   until a board tipped sideways as she stepped on it, which
   caught her foot, throwing her to the ground and seriously in-
   juring her.  Other testimony established that one board was
   entirely missing and two or three boards loose, but lying in
   their places.  Plaintiff, who prior to the accident had frequently
   passed over the sidewalk at the point in question, had not no-
   ticed such defects.  *Held*, that the question whether plaintiff
   was guilty of contributory negligence in not noticing the con-
   dition of the walk and taking greater precautions, was properly
   for the jury.

2. Sec. 1339, Stats. 1898, provides that notice of claim for injury on
   a highway shall be given stating the place where such injury
   occurred, but that such notice shall not be held insufficient
   solely by reason of any inaccuracy or failure in describing the
   place and the insufficiency, provided it shall appear that there
   was no intention to mislead the other party, and that such
   party was not in fact misled thereby.  In an action for per-
   sonal injuries happening on a sidewalk in front of a certain
   lot, the circumstances surrounding the giving of the statutory
   notice of claim for damages showed that the notice was given
   in good faith, and without intent to mislead, though it stated
   the place of injury to have been on the side of a certain block
   600 feet in length.  Defendant's street commissioner testified
   that on the day of the accident he was notified of the defective
   condition of the sidewalk at the place of the injury, and re-
   paired it the succeeding Monday, and none of defendant's wit-
   nesses suggested any difficulty in meeting plaintiff's claim by
   reason of any uncertainty as to the place of accident.  *Held*,
   that the notice was not insufficient because it failed to identify
   the place of the accident with more particularity.

3. In an action for personal injuries happening from a defective
   sidewalk, the principal defense was that of contributory neg-
   ligence in walking over a sidewalk known by plaintiff to be de-
   fective.  Evidence was offered by plaintiff of the poor condi-

tion of the sidewalk on the opposite side of the street, which, on objection offered, was stated to be offered simply to show that there was no safe chance to walk thereon. *Held* that, for the purpose definitely stated when it was offered, the evidence was admissible.

4. Where a woman, thirty-three years of age, and quite heavy, suffered a partial dislocation of her ankle, which confined her to her bed for nearly a month, and from which she had not fully recovered at the time of the trial, a year and a half later, a verdict for $1,000 damages is not excessive.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

This is an action for personal injuries. It appeared upon the trial that on November 20, 1900, the plaintiff, while walking on a sidewalk on the west side of Thirty-Seventh street, between Hammond and Custer avenues, in the defendant village, was tripped by loose boards in the sidewalk, and fell, receiving serious injuries. A special verdict was returned by the jury, by which they found (1) that the plaintiff was injured by falling on the sidewalk at the time and place named; (2) that the sidewalk was defective at the place of the injury; (3) that it had been defective since November 6, 1900; (4) that the defect was the proximate cause of the plaintiff's injury; (5) that the officers of the defendant village had actual notice of the defect in time to have repaired the same, in the exercise of ordinary care; (6) that the defect had existed so long before the injury that the defendant's officers ought to have known and repaired the defect in the exercise of ordinary care; (7) that the plaintiff was not guilty of contributory negligence; (8) that the plaintiff's damages were $1,000. A motion to set aside the verdict and for a new trial was overruled, and judgment rendered for the plaintiff upon the verdict, and the defendant appeals.

For the appellant there was a brief by *E. J. Henning*, attorney, and *Howard Van Wyck*, of counsel, and oral argument by *Mr. Henning*.

*J. M. Clarke*, for the respondent.

WINSLOW, J.   The fact that the plaintiff fell upon the side-walk and was injured at the time claimed by her was not dis-puted upon the trial, nor is it now claimed that the evidence was insufficient to justify the findings of the jury to the ef-fect that the sidewalk was in a defective condition, that the defects were the proximate cause of her fall, and that the de-fects had existed such a length of time as to charge the de-fendant with the duty of repair.

The appellant claims, however, (1) that the evidence shows contributory negligence as matter of law; (2) that the notice of injury under sec. 1339, Stats. 1898, was insufficient; (3) that certain evidence was erroneously admitted; and (4) that the damages are excessive.   These claims will be briefly considered.

1. The evidence shows that the plaintiff was walking upon the sidewalk in question at about eight o'clock in the morn-ing.   She testified, that she was walking carefully, and saw nothing wrong with the walk until a board tipped sideways as she stepped on it with her right foot, and caught her left foot, throwing her to the ground and seriously injuring her ankle; that she saw no missing board in the walk before she fell, but that afterwards there were several boards loose and disar-ranged, and one board altogether missing; that she frequently passed over the walk before her fall; that the accident hap-pened on Tuesday, and she had passed over the sidewalk on the Sunday previous, and noticed nothing wrong and no boards missing.   The testimony of other witnesses tended to show that there was one board entirely missing, and that two or three boards were loose, but lying in their places.   The argument is that because it seems to be established that one board was missing, and that fact was plain to the view, hence she must have been guilty of contributory negligence in not noticing the fact and taking greater precautions.   If the testi-mony showed that her fall was occasioned by stepping into the hole left by the missing board, the conclusion would prob-

ably be unavoidable, there being nothing to show that her attention was in any way distracted; but her testimony is positive that her fall was not caused by the hole, but by the tipping of a board which was lying in its proper place, and apparently in good condition. Under this testimony the question of contributory negligence was properly for the jury, and not for the court.

2. The notice given under sec. 1339, Stats. 1898, stated that her fall was caused by loose and broken boards, one of which turned over and tripped her up. It did not specify the place where the boards were loose, except by stating that it was on the west side of Thirty-Seventh street, between Hammond and Custer avenues. It appeared that the block between Hammond and Custer avenues was 600 feet in length, and that there were at least two other places in the block where boards were loose or broken, and the defendant claims that the notice was insufficient because it did not identify the place with sufficient particularity. The point would seem to be well taken were it not for the amendment of the section by ch. 85, Laws of 1893, now incorporated in the section, by which it is provided, in substance, that such notice shall not be held insufficient solely by reason of any inaccuracy or failure in stating the time or in describing the place and the insufficiency, *provided* it shall appear that there was no intention to mislead the other party, and that such party was not in fact misled thereby. Undoubtedly, the burden of proving that there was no intention to mislead and no misleading in fact is upon the plaintiff, but these facts may be inferred from circumstances, without direct testimony to the point. *Bowes v. Boston,* 155 Mass. 344, 29 N. E. 633. The defect here was not in describing the defect or in stating the time, but simply in failing to definitely locate the point within the 600 feet. We are clearly of opinion that the circumstances show that the notice was given in good faith, and without intent to mislead or deceive. As to whether there was any

actual misleading of the defendant from the indefinite loca-
tion of the place in the notice, we also think that the evidence
negatives any such conclusion.  The evidence shows that the
place of the accident was in front of lot 7, just north of the
residence of one Madden.  It appears also by the testimony
of the street commissioner of the defendant that he was per-
sonally informed that the sidewalk in that block was defect-
ive on the evening of November 20th, and that he took some
lumber and repaired three places in the block on the morn-
ing of November 21st, and he identifies the place of the acci-
dent in front of lot 7, and states that two planks were loose
and a third one altogether missing, and that he put in one
new plank and some short stringers, and nailed down the
loose planks.  So far as appears, the defendant introduced all
of the testimony which it could have offered, even had the
place of accident been located in the notice as in front of
lot 7.  As the place of the accident was repaired on the day
following, and nearly two weeks before the notice was served,
the village could not, by examination of the walk after re-
ceiving the notice, have ascertained what the condition was
before the accident.  It appears also that the defendant called
one or two witnesses as to the condition of the sidewalk at
this very spot, and no suggestion was made at the trial that
any difficulty had been experienced in meeting the plaintiff's
claim by reason of any uncertainty as to the place of the acci-
dent.

3. Evidence was received, against objection, that the side-
walk on the *east* side of Thirty-Seventh street, between Ham-
mond and Custer avenues, was in very poor condition, and
this is alleged to have been error.  When the evidence was in-
troduced and objection made, plaintiff's counsel stated that
it was offered simply to show that there was no safe chance
to walk upon it.  Counsel for appellant rightly claims that,
in such an action as the present, evidence of other defects in
the highway at a distance from the place of accident is not

admissible to prove that the alleged defect in question existed or was an actionable defect. *Olson v. Luck,* 103 Wis. 33, 79 N. W. 29. In the present case, however, the testimony was offered for no such purpose nor could the jury have so understood it. The principal defense made was that of contributory negligence in walking over a walk which she knew was defective, and this had already been foreshadowed by the cross-examination of the plaintiff. In view of this claim, it was proper to show that the other walk on which presumably she might have traveled was defective, as bearing on the question of her care. Had there been no sidewalk of any nature on the other side of the street, or had it been impracticable for any other physical reason to walk on the other side, it would hardly be claimed that it would be error to show the fact as bearing on the question of care in traveling. The purpose of the evidence was quite definitely stated when it was offered, and we think that for the purpose stated it was admissible.

4. The damages are claimed to have been excessive, but we cannot agree with the contention. The plaintiff was a woman thirty-three years of age, and quite heavy. Her ankle was partially dislocated, and she was confined to her bed nearly a month, and had not fully recovered at the time of the trial, more than a year and a half later. She also suffered internal injuries of a somewhat serious nature.

*By the Court.*—Judgment affirmed.