STEINKE, Appellant, vs. CITY OF OSHKOSH, Respondent.

*November 19—December 8, 1914.*

*Municipal corporations: Injury from defect in sidewalk: Notice of injury: Inaccuracy: Intention to mislead: Questions for jury: Evidence: Photographs, when not conclusive.*

1. Since the amendment of sec. 1339, Stats., by ch. 85, Laws of 1893, the notice of an injury claimed to have been sustained by reason of a defect in a sidewalk is not rendered insufficient or invalid by failure to describe correctly the defect, if there was no intention to mislead the municipality and it was not in fact misled.

2. Where such a notice described the defect as an incline in the walk, made of old and worn planks laid lengthwise so as to be slippery and unsafe to pedestrians, and both the notice and the complaint stated that plaintiff slipped on such incline and fell, but at the trial plaintiff testified that her injury was caused by stepping into a hole in the walk at the place described, and further testified that it was due to her lack of familiarity with the English language that she did not make her attorneys understand that she stepped into a hole, it was a question for the jury whether in giving the notice there was any intention to mislead the city; and upon evidence tending to show that the city was seasonably advised of the existence of the hole it was for the jury to say whether or not the city was misled.

3. A photograph of the walk at the place in question which, although it showed that there was a narrow piece out of the side of one of the boards, seemed to show that the space was too narrow to admit a human foot, is *held* not to be conclusive of the latter fact, although the plaintiff had the photograph taken, offered it in evidence, and vouched for its accuracy, where she also testified that her foot went through such hole and another witness testified that he examined the walk a few minutes after the accident and that the hole was there and was large enough to admit the plaintiff's foot.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Reversed.*

Action to recover damages for injuries sustained by falling on an alleged defective sidewalk. The notice of injury stated that the plaintiff was injured by reason of a defective sidewalk and described the place where the injury occurred. The defect in the sidewalk and the cause of the injury are set forth as follows:

"That the dangerous, insufficient and defective condition of said sidewalk, which occasioned said injuries, consisted of an incline the width of the sidewalk at said point about six feet in length and made of old and worn planks laid lengthwise with the said walk. That said incline dropped about ten inches and leads from the new cement sidewalk on the south adjoining lot of the above described premises down onto the wooden plank sidewalk immediately north thereof. That said incline was dangerous, insufficient and defective in this,

that the planks from which it was made were old and worn and laid lengthwise, thereby rendering said incline slippery and unsafe to pedestrians, and was entirely devoid of cleats to prevent persons stepping thereon from slipping and falling during wet weather. That as said *Augusta Steinke* was walking north on said sidewalk, with due care, she stepped upon the aforesaid incline and slipped, causing her to fall and sustain severe bodily injuries."

The complaint in describing the defect substantially follows the notice. There is some elaboration in it, but no averment that there was any hole in the sidewalk. On the trial the plaintiff testified that her injury was caused by stepping into a hole in the part of the sidewalk described in the notice. At the close of plaintiff's testimony the defendant moved to strike out the evidence tending to show that there was a hole in the sidewalk and for a nonsuit. Plaintiff requested the court to permit the complaint to be amended so as to conform to the proofs. The motion to amend was denied and a nonsuit was granted. Plaintiff appeals from the judgment of nonsuit.

For the appellant there was a brief by *Charles Oellerich,* attorney, and *M. H. Eaton,* of counsel, and oral argument by *E. J. Dempsey.*

*R. A. Hollister,* for the respondent.

BARNES, J. The circuit court obviously refused to amend the complaint because it was thought that it would not do plaintiff any good to do so. In this court defendant's counsel argue that there could be no amendment of the notice of injury and no recovery under it as it stood. In granting the nonsuit the court stated that the evidence conclusively showed that there was no defect in the walk.

The cause of the injury as stated in the notice was the slippery condition of the walk due to the slant at which the boards were laid and the fact that they were old and worn. The complaint practically follows the notice in describing the de-

fect. Neither the notice nor the complaint set forth that there was any hole in the incline or that the boards were rotten. On the trial the plaintiff offered evidence to prove an entirely different cause of action from that attempted to be set forth in the complaint. She testified that there was a hole in the incline which was covered with leaves and that she stepped into it and was injured in this way. It is conceded in this court by plaintiff's counsel that the incline was not sufficiently steep to constitute a defect on account of which recovery could be had. It is not conceded that the complaint does not cover the defect now complained of, although it well might be.

It is rather strange that, if plaintiff stepped in a hole and had the difficulty in extracting her foot from it that she testified to on the trial, no mention was made of it to her counsel when the notice was prepared or when the complaint was drawn which was verified by her. It should in justice to her be said that she did not understand or speak the English language very well, and whether the significant omission from the complaint and notice was the result of plaintiff and her counsel not being able to understand each other, or whether she amended her facts to suit the exigencies of the case, was and is for a jury to say.

There is no doubt that under the law as it existed prior to the passage of ch. 85, Laws of 1893, the notice was incurably and hopelessly bad. That amendment, among other things, provided that a failure to correctly describe the defect which caused the injury should not defeat a right of action where there was no intention to mislead the municipality and it was not in fact misled. Defendant's counsel call attention to the cases of *Benson v. Madison,* 101 Wis. 312, 77 N. W. 161, and *Gagan v. Janesville,* 106 Wis. 662, 82 N. W. 558 (both of which arose after the amendment was enacted), as holding that this statute made no substantial change in the law as it existed. The counsel representing the plaintiffs in these

cases evidently did not discover the amendment, and if opposing counsel were better informed they maintained a discreet silence and the cases were disposed of without reference to the amendment and manifestly without knowledge of it. It was incorporated in the revision of 1898 as part of sec. 1339, and since that time and before it has been enforced in accordance with its tenor and effect. *Collins v. Janesville,* 107 Wis. 436, 83 N. W. 695; *Hoffman v. North Milwaukee,* 118 Wis. 278, 95 N. W. 274; *Redepenning v. Rock,* 136 Wis. 372, 117 N. W. 805. The statute is a plain and reasonable one, and, being plain, it should be given full effect in any event inasmuch as it is valid.

We think on the record as it stood in the circuit court it could not be said as a matter of law that the plaintiff intended to mislead the defendant or that the defendant was misled. What the evidence may disclose after a full trial is another matter. The sidewalk inspector examined this walk shortly after the accident, and the jury might have found on the evidence then before it that the defendant was seasonably advised of the existence of the hole and was not misled. It might also find that there was no intention to mislead, because the plaintiff testified in substance that it was due to her lack of familiarity with the English language that she did not make her attorneys understand that she stepped into a hole in the incline. Wherever conflicting inferences may be drawn from the evidence the question is one for the jury. *Hoffman v. North Milwaukee, supra.* So we conclude that the defect in the notice did not warrant the court in taking the case from the jury.

Two photographs of the walk taken by the plaintiff, and one taken by the defendant, were offered in evidence. Two of them were side views and one a front view or nearly so. The court in granting the nonsuit stated that the front-view photograph taken and offered by plaintiff conclusively showed that there was no hole in the sidewalk, and that if fifty wit-

Steinke v. Oshkosh, 159 Wis. 124.

nesses should testify to the contrary the photograph would conclusively show that they were mistaken, and that a verdict in plaintiff's favor could not be permitted to stand. All three of the photographs tend to show that such a substantial defect did not exist in the walk as plaintiff claims. They do show that there was a narrow piece out of the side of one of the boards near the bottom of the incline, and plaintiff identified this as the hole in which she stepped. An inspection of the photographs would lead to the conclusion that the space was altogether too narrow to admit a human foot. But we do not think that the photographs should be accepted as infallible. There is apparently a good deal of jugglery practiced in photography. Certain objects may be made prominent or minimized to suit the wishes of the photographer. Of course the plaintiff had this particular photograph taken and offered it in evidence and vouches for its accuracy, and it is in testimony that it is accurate. But we are not satisfied that it conclusively appears that the camera might not have been so placed that a space large enough to admit a foot might appear to be very much narrower on the picture. Plaintiff testified that her foot went through this hole and another witness testified that he examined the walk a few minutes after the accident and that the hole was there and was large enough to admit the plaintiff's foot. We confess that the probabilities are very strong that if plaintiff's foot went through the aperture shown on these photographs it must have been of the Cinderella order. The trial court has had some obvious advantages over this court in passing on a question of this kind, but we are of the opinion that it would be rather unsafe to tie to a photograph as strongly as the circuit judge did, in the absence of any evidence as to the width of the shoe worn or any evidence from experts in photography as to whether the width of the opening could be definitely determined from the photograph. When plaintiff rested, it might not be inapt to say that her case was in an anemic condition.

130     SUPREME COURT OF WISCONSIN.     [DEC.

Minneapolis, St. P. & S. S. M. R. Co. v. Menasha W. W. Co. 159 Wis. 130.

However, in the absence of any other proof, it should have gone to the jury. The jury on the evidence produced, when properly enlightened by the eloquence of counsel, might give a substantial return to the plaintiff for the injury she complains of, and the judgment appealed from must be reversed.

*By the Court.*—Judgment reversed, and a new trial ordered.