FRANKE, Appellant, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Respondent.

*May 31—November 4, 1919.*

*Railroads: Federal control: Authority of director general: Actions.*

> Under sec. 10 of the federal railroad control act of March 21, 1918 (40 U. S. Stats. at Large, 451, ch. 25), authorizing actions to be brought against carriers as then provided by law, an action could be brought against a carrier in its corporate name; and General Order No. 50 of the director general of railroads, requiring actions to be brought against the director general, is therefore invalid, the legislative declaration being the paramount authority.

APPEAL from an order of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Reversed.*

February 20, 1918, the plaintiff at Minneapolis, Minnesota, delivered to the defendant, *Chicago & Northwestern*

*Railway Company,* a carload of corn for transportation to Werley, Wisconsin, and for delivery to one Ketterer upon payment by him of a draft attached to the bill of lading covering and issued at the time of shipment by said defendant.

The complaint further alleged that in breach of such duty the defendant delivered the car to Ketterer without presentation or payment of the draft or bill of lading and that thereafter the said Ketterer refused to pay the draft or to retain possession of the car and its contents and turned the same back to the defendant. That defendant thereupon converted the contents of the car and sold and disposed of the same and retained the money received therefrom. That the value was $1,714.40, and that demand has been made upon the defendant for payment of such value. For its refusal and neglect to pay plaintiff commenced this action in November, 1918.

The defendant duly appeared, and after receipt of plaintiff's complaint moved the court below for an order dismissing the action as to the defendant, *Chicago & Northwestern Railway Company,* and substituting therefor as defendant William G. McAdoo, director general of railroads. This motion was based upon the affidavit of defendant's attorney setting forth the Presidential proclamations of December 26, 1917, and April 11, 1918, the possession by the President of the United States of the principal railroad transportation systems of this country, including the defendant, and the appointment of William G. McAdoo as director general. It referred also to the federal control act of March 21, 1918 (40 U. S. Stats. at Large, 451, ch. 25), and attached and made a part of the affidavit what is known as General Order No. 50, issued by William G. McAdoo as director general of railroads on October 28, 1918.

Upon the hearing and on December 19, 1918, the court below made an order dismissing the action as to the defendant, *Chicago & Northwestern Railway Company,* and di-

recting that the summons and complaint be amended by substituting William G. McAdoo, director general of railroads, as the sole party defendant in lieu of the *Chicago & Northwestern Railway Company.*

From such order the plaintiff has appealed.

The portions of the federal control act and of the general order which we deem necessary to print as a part of this case are as follows:

*Act of March 21, 1918.*

"The Federal Control of Railroads Bill.

". . .

"Sec. 9. That the provisions of the act entitled 'An act making appropriations for the support of the army for the fiscal year ending June thirtieth, nineteen hundred and seventeen, and for other purposes,' approved August twenty-ninth, nineteen hundred and sixteen, shall remain in force and effect except as expressly modified and restricted by this act; and the President, in addition to the powers conferred by this act, shall have and is hereby given such other and further powers necessary or appropriate to give effect to the powers herein and heretofore conferred. The provisions of this act shall also apply to any carriers to which federal control may be hereafter extended.

"Sec. 10. That carriers while under federal control shall be subject to all laws and liabilities as common carriers, whether arising under state or federal laws or at common law, except in so far as may be inconsistent with the provisions of this act or any other act applicable to such federal control or with any order of the President. Actions at law or suits in equity may be brought by and against such carriers and judgments rendered as now provided by law; and in any action at law or suit in equity against the carrier, no defense shall be made thereto upon the ground that the carrier is an instrumentality or agency of the federal government. Nor shall any such carrier be entitled to have transferred to a federal court any action heretofore or hereafter instituted by or against it, which action was not so transferable prior to the federal control of such carrier; and any action which has heretofore been so transferred because of

such federal control or of any act of Congress or official order or proclamation relating thereto shall upon motion of either party be retransferred to the court in which it was originally instituted.  But no process, mesne or final, shall be levied against any property under such federal control.

"That during the period of federal control, whenever in his opinion the public interest requires, the President may initiate rates, fares, charges, classifications, regulations, and practices by filing the same with the interstate commerce commission, which said rates, fares, charges, classifications, regulations, and practices shall not be suspended by the commission pending final determination. . . .

"Sec. 12. That moneys and other property derived from the operation of the carriers during federal control are hereby declared to be the property of the United States.   Unless otherwise directed by the President, such moneys shall not be covered into the treasury, but such moneys and property shall remain in the custody of the same officers, and the accounting thereof shall be in the same manner and form as before federal control.   Disbursements therefrom shall, without further appropriation, be made in the same manner as before federal control and for such purposes as under the interstate commerce commission classification of accounts in force on December twenty-seventh, nineteen hundred and seventeen, are chargeable to operating expenses or to railway tax accruals and for such other purposes in connection with federal control as the President may direct, . . ."

*General Order No. 50,*

By William G. McAdoo, director general of railroads, on October 28, 1918.

"It is therefore ordered, that actions at law, suits in equity, and proceedings in admiralty hereafter brought in any court based on contract, binding upon the director general of railroads, claim for death or injury to person, or for loss and damage to property, arising since December 31, 1917, and growing out of the possession, use, control or operation of any railroad or system of transportation by the director general of railroads, which action, suit or proceeding but for federal control, might have been brought against the carrier company, shall be brought against William G.

McAdoo, director general of railroads, and not otherwise; provided, however, that this order shall not apply to actions, suits or proceedings for the recovery of fines, penalties and forfeitures.

"Subject to the provisions of general orders numbered 18, 18—A, and 26, heretofore issued by the director general of railroads, service of process in any such action, suit or proceeding may be made upon operating officials operating for the director general of railroads, the railroad or other carrier in respect of which the cause of action arises in the same way as service was heretofore made upon like operating officials for such railroad or other carrier company.

"The pleadings in all such actions at law, suits in equity or proceedings in admiralty, now pending against any carrier company for a cause of action arising since December 31, 1917, based upon a cause of action arising from or out of the operation of any railroad or other carrier, may on application be amended by substituting the director general of railroads for the carrier company as party defendant and dismissing the company therefrom.

"The undersigned director general of railroads is acting herein by authority of the President for and on behalf of the United States of America; . . ."

*William E. Burke* of Milwaukee, for the appellant.
*R. N. Van Doren* of Milwaukee, for the respondent.
The following opinion was filed June 25, 1919:

ESCHWEILER, J. The power and authority of Mr. Mc-Adoo as director general of railroads cannot exceed that which can be lawfully vested in him by proclamation or order of the President, and he in turn receives his power and authority over the subject matter here concerned by and through the legislative declaration embodied in the federal control act of March 21, 1918 (40 U. S. Stats. at Large, 451, ch. 25). Whatever general language is used in this act conferring power on the President must be construed to be given for the purpose of enabling him to carry out the provisions of the act and not to enable him, either by him-

self or by any appointee of his, to set aside any provisions of the legislative will or to take away any rights or privileges granted to or recognized as validly existing in third persons by such legislation.

When Congress, in sec. 10 of that act, used the following language, "Actions at law or suits in equity may be brought by and against such carriers and judgments rendered as now provided by law; and in any action at law or suit in equity against the carrier, no defense shall be made thereto upon the ground that the carrier is an instrumentality or agency of the federal government," it either granted or recognized as then lawfully existing the right to or of any person situated as was the plaintiff herein to bring just such a cause of action against a defendant such as the *Chicago & Northwestern Railway Company.* Such rights so granted or recognized cannot be taken away or destroyed except by Congress.

We find no language in this act itself which warrants the conclusion that what was so expressly given or recognized by the quoted language above as a substantial right was to be destroyed or taken away by implication.

This provision of sec. 10 of the federal act and provisions of General Order No. 50 issued by the director general of railroads and upon which the court below based its order, cannot both stand. The legislative declaration is the paramount authority and must control.

*By the Court.*—Order reversed.

SIEBECKER, KERWIN, and VINJE, JJ., dissent.

A motion for a rehearing was denied, with $25 costs, on November 4, 1919.