LEEMANS, Respondent, vs. HINES, Director General of Railroads, Appellant.

*March 11—April 6, 1920.*

*Railroads: Action for personal injury: Party defendant: Director general of railroads: General Order No. 50: Question first raised after verdict: Excessive damages.*

1. A judgment for the plaintiff in an action against the present director general of railroads in accordance with General Order No. 50, issued by his predecessor, will not be reversed on his appeal, though the order was contrary to sec. 10 of the railroad control act of March 21, 1918 (40 U. S. Stats. at Large, 451, ch. 25), authorizing suits against railroads while under federal control, where the director general defended the action on the merits and first raised the question by motion for judgment notwithstanding the verdict, especially since the decisions as to the validity of the order are conflicting and the question has not been determined by the United States supreme court.

2. In an action for personal injuries sustained by plaintiff, a verdict for $3,000, though probably excessive for a simple fracture of the ulna followed by complete recovery, is not excessive where there was testimony which the jury had a right to believe that there were two fractures and that the motion of the forearm is permanently limited, having about sixty-five per cent. normal motion.

APPEAL from a judgment of the circuit court for Douglas county: W. R. FOLEY, Circuit Judge. *Affirmed.*

This action was brought against the defendant, *Walker D. Hines,* as director general of railroads, who as such was operating the Great Northern Railway Company at the time of the accident, to recover damages for personal injuries sustained by plaintiff, who was at the time an employee of the Pittsburgh Coal Company at Superior, Wisconsin, said injuries being caused by the employees of the defendant operating one of the Great Northern Railway Company's switch engines, in backing a string of cars against the one in which plaintiff was working.

The jury returned a special verdict, upon which plaintiff was entitled to recover, and assessed his damages at the sum of $3,000. Thereafter, and at the same term, the defendant moved the court for judgment in his favor dismissing the action, for judgment notwithstanding the verdict and to set aside the same, for the reason, among others, that under sec. 10 of the act of Congress of the United States of March 21, 1918 (40 U. S. Stats. at Large, 451, ch. 25), taking over the management, control, and operation of the railroads, this action cannot be brought, instituted, or maintained against this defendant, and can only be brought, instituted, or maintained, if at all, against the Great Northern Railway Company, the owner of the property then operated by the defendant herein. This motion was overruled. Judgment was entered in favor of the plaintiff and against the defendant in the sum of $3,000, from which judgment defendant appealed.

Leemans v. Hines, 171 Wis. 278.

For the appellant there was a brief by *J. A. Murphy* and *H. G. Pickering,* both of Superior, and oral argument by *Mr. Pickering.*

For the respondent there was a brief by *Grace, Fridley & Crawford* of Superior, and oral argument by *W. P. Crawford.*

OWEN, J. The principal question argued upon this appeal is whether this action can be maintained against the director general of railroads. In *Franke v. C. & N. W. R. Co.* 170 Wis. 71, 173 N. W. 701, the action was brought against the railway company. The defendant moved for an order dismissing the action as to the defendant railway company and substituting therefor as defendant the director general of railroads. The question there was whether General Order No. 50 issued by William G. McAdoo, director general of railroads, on October 28, 1918, supplanted sec. 10 of the federal control act (40 U. S. Stats. at Large, 451, ch. 25) so that litigants were by that order deprived of the right to bring actions at law against the railway companies, as is plainly provided by sec. 10 of the act. So much of the act and the order as was material to that case, and as is material here, is set out in the report of the *Franke Case* and will not be restated here. This court held that the right conferred upon litigants by sec. 10 of the federal control act was not wiped out by General Order No. 50, and the order of the court below granting the motion to dismiss the action as to the railroad company was overruled. That case declares the attitude of this court upon that question and we have no disposition to recede from the position there taken.

This record, however, presents a different question, which may be stated thus: In view of the fact that the director general of railroads, by General Order No. 50, ordered that actions such as this shall be brought against the director general of railroads; that this action was brought in compliance with the order; that he answered, appeared, and de-

fended the action and raised no objection that it was not properly brought against him, until after the rendition of the verdict, should this court upon this appeal reverse the judgment and order the dismissal of the action? While the position of this court is as stated in the *Franke Case,* it is to be remarked that judicial authority, so far as expressed, is in direct conflict upon the question of whether the action is properly maintainable against the railroad company or the director general of railroads. The ultimate decision of this question rests with the supreme court of the United States, and it has not yet spoken thereon. At least two federal courts (*Mardis v. Hines,* 258 Fed. 945; *Haubert v. B. & O. R. Co.* 259 Fed. 361), and perhaps others, have held that the action is properly maintainable against the director general. In this mooted state of the law the plaintiff elected to bring his action against the director general of railroads. He did this pursuant to an invitation by the director general himself, and the latter raised no objection to the right of the plaintiff so to do until after the rendition of the verdict, but went into court and defended the case upon its merits. Plaintiff has a judgment which the supreme court of the United States may declare to be valid. Under the circumstances we do not think any intermediate authority such as this court should deprive him of his judgment when the question of its validity is of such doubtful character.

The situation presents a technical rather than a practical difficulty. Whether the action be properly maintainable against the one or the other, the federal statute plainly contemplates that damages of this nature are a part of the operating expense of the railroads while under federal control, and that judgments of this character are to be paid out of the revenues derived from their operation. There has been a judicial determination, in form at least, of liability and the amount of damages. This should suffice to satisfy the director general of the *bona fides* of the claim and his obligation to pay the same out of the funds under

his control.   It was within his discretion to settle the claim without suit.   The judgment having been rendered in an action instituted and prosecuted in strict compliance with his own order, it is not to be assumed that he will repudiate it.   We think the judgment should stand.

It is urged by appellant that the damages are excessive. His argument is based upon the assumption that the injuries consisted only of a simple fracture of the ulna of the arm and a complete recovery has been had.   Among others, the following cases are cited to the point that the verdict is excessive for such an injury: *Meracle v. Down,* 64 Wis. 323, 25 N. W. 412; *Collins v. Janesville,* 107 Wis. 436, 83 N. W. 695; *Rueping v. C. & N. W. R. Co.* 116 Wis. 625, 93 N. W. 843; *Otto v. M. N. R. Co.* 148 Wis. 54, 134 N. W. 157. These cases, and others cited, probably support the contention that $3,000 are excessive damages for a simple fracture of the ulna followed by complete recovery.   The argument of appellant, however, entirely ignores the testimony of plaintiff's medical witness to the effect that there were two fractures, one at about the middle of the shaft and the other at the head of the ulna, and that the motion of the forearm is limited, having but about sixty-five per cent. of normal motion.   Dr. Lohmiller testified: "I figure that his arm from the elbow up to the shoulder is about a sixty-five per cent. arm.   That is, he can't button his collar or can't feel the back of his head.   In my opinion there will be no improvement in the deformity."   The jury had a right to believe this evidence, and if the facts were as testified to by Dr. Lohmiller the damages were not excessive.

*By the Court.*—Judgment affirmed.