BEEBE, Respondent, vs. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY, Appellant.

*April 6—May 3, 1921.*
*October 21—November 15, 1921.*

*Railroads: Torts committed while under federal control: Director general of railroads: Party defendant.*

Since the decision of this court in *Franke v. C. & N. W. R. Co.* 170 Wis. 71, the supreme court of the United States has held that under sec. 10 of the Federal Control Act of March 21, 1918 (40 U. S. Stats. at Large, 451, ch. 25), and Order No. 50 of the director general of railroads, an action of this kind (negligently setting fire to plaintiff's property) may not be maintained against the corporation owning the railroad, but must be brought against the director general.

APPEAL from a judgment of the circuit court for Rusk county: JAMES WICKHAM, Circuit Judge. *Reversed.*

Action to recover damages caused by a fire. The case was tried before a jury, which returned a special verdict, wherein it was found (a) that the fire was started on defendant's right of way by a spark from a locomotive engine on its railroad and then communicated to the plaintiff's property; (b) damages in the sum of $818.72; (c) that after discovering the fire plaintiff failed to exercise ordinary care to extinguish it and to save his property from further destruction; and (d) that if plaintiff had used ordinary care in extinguishing the fire after his discovery thereof, damage to the amount of $98.25 could have been prevented. The court rendered judgment in favor of the plaintiff and against the defendant for the amount of damages found, less the amount of damages which the jury found could have been prevented had plaintiff exercised ordinary care in extinguishing the fire after his discovery thereof. From such judgment defendant brings this appeal.

For the appellant there was a brief by *A. H. Bright* of

Minneapolis, attorney, and *Paul Stover* of Milwaukee, of counsel, and oral argument by *W. A. Hayes* of Milwaukee.

For the respondent there was a brief by *J. W. Carow,* and oral argument by *Charles Kirwan,* both of Ladysmith.

The following opinion was filed May 3, 1921:

OWEN, J.   This action is founded on sec. 1816*a*, Stats., which makes every railroad corporation owning or operating a railroad in this state responsible for damages occasioned by fire communicated directly or indirectly by locomotive engines in use upon the railroad owned or operated by such railroad corporation, or by the burning of grass, weeds, or rubbish on right of way by employees of such corporation. During the trial it was stipulated that the railroad, prior to January 1, 1918, was under the control and operated by the defendant, but that since said date said railroad has been exclusively operated and controlled by the director general of railroads of the United States railroad administration. The contention of appellant is that the action was improperly brought against the defendant company because, at the time of the fire, it did not operate the railroad, and that by virtue of the provisions of the Federal Control Act of March 21, 1918 (40 U. S. Stats. at Large, 451, ch. 25, sec. 10), and General Order No. 50, issued by William G. McAdoo, director general of railroads, under date of October 28, 1918, this action should have been brought against the director general of railroads, and that it cannot be maintained against the defendant railroad company.

The question thus raised on this appeal was passed upon by this court in *Franke v. C. & N. W. R. Co.* 170 Wis. 71, 173 N. W. 701, adversely to defendant's contention, and, while we are strongly urged to reconsider it, we adhere to the decision there made.   The question is one upon which the courts, and especially the federal courts, are in hopeless conflict.   It has not yet been determined by the federal supreme court, which is the ultimate authority upon the subject.   We

have re-examined a large number of the cases in which the question has been considered, and we see no reason for receding from our decision in the *Franke Case*. We therefore hold that the action was properly brought against the railroad company.

It is next claimed by the appellant that the finding of the jury to the effect that the fire originated on the defendant's right of way by a spark from a locomotive engine on its railroad is not supported by the evidence. The evidence on this question is circumstantial, but we think it is sufficient to support the finding. A witness who was working in the field adjacent to the tracks testified that he saw a freight train going by that morning; that it was going up a grade, laboring hard and running very slow; about half an hour after the train passed he observed smoke rising above the trees. The plaintiff testified that when he discovered the fire he looked to see where it had originated, and found that it had started within a few feet of the tracks and had burned south from there through the fence on his land. It appeared that the wind was from the north or northeast; that there were no other fires in the vicinity at that time, and there is nothing in the evidence to indicate that the fire might have originated from any other cause. When the section foreman heard of the fire he took six men to the scene, worked about an hour and a half, and thought they had the fire under control. It broke out again later on the same day, when the sectionmen returned and worked two or three hours in putting out the fire. The plaintiff testified that he could tell from the appearance of the ground where the fire had first started; that there was a strong wind blowing from the north and that it would not work against the wind; that while the fire would crawl against the wind there was not enough material on the right of way to feed it against the wind. We think the jury was abundantly justified in drawing the inference from this evidence that the fire was started by a spark from the locomotive.

It is also contended that the judgment should have been in favor of the defendant because the jury found that the plaintiff was guilty of contributory negligence in not making greater effort to extinguish the fire after discovery thereof. It will be conceded, of course, that any want of ordinary care on the part of the plaintiff after discovery of the fire will not defeat his right to recover the damages occurring before the discovery of the fire. The amount of damage that could have been prevented had the plaintiff used ordinary care after the discovery of the fire was peculiarly a jury question. The question seems to have been submitted to the jury upon proper instructions, and we cannot say that its finding in such respect is unsupported by the evidence.

*By the Court.*—Judgment affirmed.

DOERFLER, J., took no part.

On July 13, 1921, a motion by the appellant for a rehearing was granted, and the following opinion was filed November 15, 1921:

OWEN, J. Since the decision of this court affirming the judgment in this case the supreme court of the United States has squarely held that under the Federal Control Act and Order No. 50 of the director general of railroads announced under date of October 28, 1918, an action of this kind may not be maintained against the corporation owning the railroad, but that by virtue of sec. 10 of said act and said General Order No. 50 it can be maintained only against the director general of railroads. *Missouri Pac. R. Co. v. Ault* (decided June 1, 1921) 41 Sup. Ct. 593. It follows that the action should have been dismissed.

*By the Court.*—The former judgment affirming the judgment is set aside, and the judgment appealed from is reversed and the cause remanded with instructions to enter judgment dismissing the complaint.