GRUNDMAN, Respondent, vs. DAVIS, as Director General and Agent under Transportation Act of 1920, Appellant.

*November 9—December 5, 1922.*

*Railroads: Action against director general: Judicial notice: Complaint: Sufficiency: Violation of federal safety acts: Negligence: Question for jury.*

1. In an action against the director general of railroads as agent under the Transportation Act of 1920 by a railroad employee for injuries received at a time when the railroad was under federal control, a complaint which alleged that plaintiff was

in the employ of the railway company named and that it was engaged in interstate commerce is *held* to state a cause of action against the director general of railroads, the general allegations specifically showing that the director general was in full control of the railroad.

2. The court can take judicial notice that a particular railroad was at a certain time operated under federal control.

3. Neither the federal Boiler Inspection Act, the Safety Appliance Act, nor the orders of the interstate commerce commission absolutely limit a carrier's liability to a violation of them alone, as the railroad may be guilty of negligence towards a repair man without violating such acts or orders, and the rolling stock may not be equipped with required safety devices, and yet the railroad be free from negligence. As to one injured while repairing a defective boiler on a locomotive, negligence may be predicated on other conditions, and if the conditions constitute negligence he may recover.

4. The question whether facts and conditions relating to safety appliances and a safe place to work alleged in the complaint herein constituted negligence is for the jury.

APPEAL from an order of the circuit court for Milwaukee county: WALTER SCHINZ, Circuit Judge. *Affirmed.*

Action to recover damages for personal injuries alleged to have been sustained by the plaintiff, a boiler maker, on the 30th day of April, 1919, while engaged in the work of repairing a boiler on a locomotive engaged in interstate commerce.

The boiler had become defective immediately prior to the time of the attempted repair and the defect consisted in two leaky flues which required replacement. The complaint, among other things, alleged that the plaintiff

"On the 30th day of April, 1919, was, as such boiler maker, in the employment of the Chicago & Northwestern Railway Company hereinafter named, which railway company and its lines of railroad were then being operated and controlled by the Director General of Railroads of the United States, as hereinafter set forth. . . . That on said 30th day of April, 1919, one W. D. Hines was Director General of Railroads of the United States, and as such was on said date operating and controlling the various railroads in the United States as the duly appointed and qualified

Director General of Railroads in the United States, including the Chicago & Northwestern Railway Company hereinafter named. . . . That the above named *James C. Davis* is the successor of the said W. D. Hines as Director General of Railroads of the United States and is the agent of the United States government under the Transportation Act of 1920, and as such agent of the United States and Director General of Railroads said *James C. Davis* is liable to the plaintiff for damages for the injuries which the plaintiff sustained as hereinafter set forth."

The complaint then proceeds to allege a cause of action against the Chicago & Northwestern Railway Company, alleging that the company was engaged in interstate commerce, that it operated a roundhouse in which the engine was located when the repairs were being made, and alleges certain defects in the engine and certain conditions relating thereto, making it an unsafe place for the plaintiff in which to do his work of repairing, alleging that the Chicago & Northwestern Railway Company was negligent in providing plaintiff with an unsafe place in which to work. But it did not allege that there was any violation of any order of the interstate commerce commission under the Boiler Inspection Act. The allegations of negligence are as follows:

"That for the purpose of making such repairs, access to the interior of the boiler of said engine was obtained by an employee by climbing into the engineer's cab of such engine and from there ascending to a narrow step or projection on the left side of and about four feet above the floor of the engineer's cab, to a narrow platform of less than one foot in width, extending along the left side of said boiler to an opening therein through which ingress to the interior of said boiler was obtained; that the floor of such cab was about eighteen inches in width and the rear of said cab contained an opening extending to the floor thereof and upward a distance of six feet to seven feet, and of a width of from five feet to six feet, across which, or in near proximity to which, were contained no safeguards, grab-irons, hand-holds, or other devices to protect or safeguard

a person in entering said cab and proceeding to or returning from said boiler to make or after making repairs therein; that the only means by which a person could return from making such repairs was by using said narrow platform along the left side of said boiler and descending from such platform to the floor of said cab by the use of said narrow step or projection contained between said platform and the floor of said cab; that the aforesaid means for use in entering said boiler and returning therefrom were difficult to use and were defective and insufficient in this, that there was an absence of grab-irons, hand-holds, and safeguards to protect an employee required to use the means so supplied for making such repairs, and an entire absence of safeguards, appliances, grab-irons, and hand-holds at, across, or about the rear opening in said cab to protect such employee from falling from said cab in descending from said platform to said cab. That on said 30th day of April, 1919, at about the hour of 10 o'clock in the forenoon of that day, the plaintiff, under and in pursuance of his said employment with said railway company, was required to make repairs in the boiler of said engine by replacing the said two defective flues therein, and in doing so used the aforesaid means for entering said boiler and in returning from making such repairs, and while in the act of descending from the said narrow platform on the left side of said engine to and upon the floor of said cab, one of plaintiff's feet slipped upon the narrow step or projection between said platform and the floor of said cab, without any fault on plaintiff's part, and plaintiff was thereby precipitated to the floor of said cab, and, owing to the narrowness of the floor of said cab, and the absence of all safeguards, appliances, grab-irons, and hand-holds across the rear opening of said cab, plaintiff was precipitated, in addition to the distance from said projection to said cab floor, a distance of about twelve feet to the bottom of a pit over which said engine and the cab thereof was located, said engine being at such time detached from the tank used in connection therewith, and thereby, and in consequence thereof, he received great and severe injuries. . . . That the place where this plaintiff was so required to perform his work under his said employment was unsafe, in that the floor of the cab of said engine was narrower than it should have been, the means of

Grundman v. Davis, 179 Wis. 35.

access to said boiler were defective, and insufficient in that no sufficient or proper steps were provided for ascending from the cab to said narrow platform or in descending from said platform to the floor of said cab, and in that there were no sufficient appliances, safeguards, grab-irons, hand-holds, or other devices for this plaintiff to take hold of or to protect this plaintiff in descending from said platform to said cab, and in that there were no appliances, safeguards, grab-irons, hand-holds, or other devices across the rear opening of said cab or in such close proximity that this plaintiff could use in protecting himself from falling in so descending from the platform along said boiler in returning from making repairs, and said railway company and its officers, agents, and employees were negligent in failing to supply and provide a safe place for plaintiff so to perform his duties under said employment, and in failing to provide proper steps for the descent of plaintiff from said narrow platform to the cab of said engine, and in failing to provide appliances, safeguards, grab-irons, hand-holds, and other devices for the use of plaintiff to protect himself in returning from the making of said repairs, and in protecting himself from falling into the said pit immediately beneath said cab."

The defendant demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, in that (1) it does not charge the defendant with negligence; (2) it does not allege that plaintiff was an employee of the United States Railway Administration; and (3) it does not allege a violation of the orders of the interstate commerce commission or of the provisions of the Boiler Inspection Act. The demurrer was overruled, and the defendant appealed.

*Samuel H. Cady* of Milwaukee, for the appellant.

For the respondent there was a brief by *Umbreit, Mahon & Clark,* attorneys, and *A. C. Umbreit,* of counsel, all of Milwaukee, and oral argument by *A. C. Umbreit.*

VINJE, C. J. The first two objections raised are predicated upon the contention that the pleader uses the words

"The Northwestern Railway Company" instead of "The Director General of Railroads," and therefore no cause of action is alleged against the latter. Technically construed the contention is not without force, but the intention and meaning of the pleader is clear, and he has alleged the facts which show that the Director General and not the Chicago & Northwestern Railway Company is liable for the alleged negligence. He has alleged the fact that at the time of the accident the Director General was in possession and full control of all the lines of railroad theretofore operated by the Chicago & Northwestern Railway Company. The court could take judicial notice of such fact. Therefore, when the pleader alleged that the plaintiff was in the employ of the Chicago & Northwestern Railway Company, that it was engaged in interstate commerce, and that it operated a roundhouse, he pleaded wrong conclusions of law. The fact once being established both by specific allegations in the complaint and by judicial knowledge that the Director General of Railroads was in control of the whole operating department of the Chicago & Northwestern Railway Company at the time the accident occurred, it becomes apparent that the pleader not only showed but in fact did allege a cause of action against the Director General, though he erroneously pleaded conclusions that the Chicago & Northwestern Railway employed the plaintiff and operated its locomotive and roundhouse. No one could have been misled by such erroneous conclusions contained in the complaint, and least of all the defendant. The intention of the pleader was evident and the mistakes made misled no one. It is hardly necessary in this case even to invoke the rule that the complaint should be liberally construed in favor of the pleader.

As to the third ground of the demurrer, all that need be said is that this is a case where plaintiff seeks to recover for injuries sustained in repairing a defective boiler. In such a case we do not understand that it is essential that any

Grundman v. Davis, 179 Wis. 35.

violation of the Boiler Inspection Act or of the orders of the interstate commerce commission should be alleged. Boilers may come into the roundhouse in all conceivable conditions and need repair, and an employer may be guilty of negligence towards an employee engaged in the repair of such boiler without violating the orders or act above referred to. On the contrary, boilers, engines, and other appliances of a railroad that are out of repair may come into roundhouses or shops in all sorts of damaged conditions without being equipped with the necessary safety appliances which the Boiler Inspection Act and the Safety Appliance Act as well as the orders of the interstate commerce commission may require, and no negligence may attach to the defendant for their failing to be so equipped. Neither the Boiler Inspection Act, the Safety Appliance Act, nor the orders of the interstate commerce commission absolutely limit the liability of a common carrier to a violation of them alone. Certainly as to repair men negligence may be predicated upon other conditions, and if it is shown to constitute negligence may entitle the plaintiff to recover.

We think it was a question for the jury to say whether the alleged negligence, facts, and conditions charged in the complaint constitute negligence. We cannot say as a matter of law that they do not.

*By the Court.*—Order affirmed.