HURLEY, Respondent, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

*March 8—April 3, 1923.*

*Railroads: Liability for negligence while under federal control: Parties: Evidence: Judicial notice.*

1. A railroad company is not liable for negligence occasioned in the operation of its road while under the control of the director general of railroads under the act of Congress of August 29, 1916, and it is not a proper party to an action for such negligence. *Beebe v. Minneapolis, St. P. & S. S. M. R. Co.* 175 Wis. 234.
2. The courts take judicial notice that on March 14, 1918, the railroad system of the Chicago & Northwestern Railway Company was under the control of the director general of railroads, and that the control of all the railroads by the President of the United States ceased March 1, 1920.
3. The federal Control Act of March 21, 1918, did not inaugurate federal control of railroads, but defined rights and liabilities under federal control and prescribed how it should be exercised.

APPEAL from an order of the circuit court for Milwaukee county: WALTER SCHINZ, Circuit Judge. *Reversed.*

Action for personal injuries sustained by plaintiff March 14, 1918, while a passenger on the *Chicago & Northwestern Railway,* brought against the *Chicago & Northwestern Railway Company* and *Walker D. Hines,* director general of railroads. The *Chicago & Northwestern Railway Company*

entered a general demurrer to the complaint. The court overruled the demurrer and it appealed.

*Samuel H. Cady* of Milwaukee, for the appellant.

For the respondent there was a brief by *Timlin & Dean* and *Thomas A. Manning,* all of Milwaukee, and oral argument by *Mr. Manning.*

VINJE, C. J. The trial court overruled the demurrer on the strength of *Franke v. C. & N. W. R. Co.* 170 Wis. 71, 173 N. W. 701. The rule announced in that case was abrogated in *Beebe v. M., St. P. & S. S. M. R. Co.* 175 Wis. 234, 182 N. W. 743, 185 N. W. 177, to conform to the rule announced in *Missouri Pac. R. Co. v. Ault,* 256 U. S. 554, 41 Sup. Ct. 593. It is therefore now the law in this state that a railway company is not liable for negligence occasioned in the operation of its road while under the control of the director general of railroads and that it is not a proper party to such an action. *Beebe v. M., St. P. & S. S. M. R. Co., supra.* Such is the law elsewhere also. *Missouri Pac. R. Co. v. Ault, supra; Robertson v. C., B. & Q. R. Co.* (Neb.) 188 N. W. 190; *Galehouse v. B. & O. R. Co.* 274 Fed. 370; *Hines v. Dahn,* 267 Fed. 105; *Borsheim v. G. N. R. Co.* 149 Minn. 210, 183 N. W. 519; *Outcelt v. C., B. & Q. R. Co.* 150 Minn. 398, 185 N. W. 495.

It is alleged in the complaint that the injury for which damages are claimed was sustained by plaintiff as a passenger on the *Chicago & Northwestern Railway Company* on March 14, 1918. The court will take judicial notice that on that date the railroad system of the *Chicago & Northwestern Railway Company* was under the control of the director general of railroads. *Grundman v. Davis,* 179 Wis. 35, 190 N. W. 839; *Moon v. Hines,* 205 Ala. 355, 87 South. 603, 13 A. L. R. 1020, and note; *Nat. S. Co. v. C. & N. W. R. Co.* (Neb.) 187 N. W. 917, and cases cited.

August 29, 1916, the Congress of the United States authorized the President to take possession and assume control

of all railroads in the United States. 39 U. S. Stats. at Large, 645, ch. 418; 9 Fed. Stats. (2d ed.) 1095. Pursuant to that act the President, on December 26, 1917, by proclamation to take effect December 28, 1917, at 12 o'clock noon, took possession and assumed control of all the railroads of the United States including the defendant the *Chicago & Northwestern Railway.* 40 U. S. Stats. at Large, p. 1733. Such control did not cease till March 1, 1920 (41 U. S. Stats. at Large, 457, ch. 91; Fed. Stats. Ann. Supp. 1920, p. 73), and of such cessation courts will also take judicial notice (*Crawshaw v. Corbett,* 264 Fed. 962). The federal Control Act of March 21, 1918 (Fed. Stats. Ann. Supp. 1918, p. 757), called to our attention by counsel for respondent, did not inaugurate federal control, but, generally speaking, defined rights and liabilities under federal control and prescribed how it should be exercised.

The trial court therefore erred in overruling the demurrer.

*By the Court.*—Order reversed, and cause remanded with directions to sustain the demurrer of the *Chicago & Northwestern Railway Company* and for further proceedings according to law.